[Civ. No. 1138.    Second Appellate District.—September 16, 1912.]

JOHN B. CHASE, Respondent, v. W. H. HOLMES, F. M. NOTMAN et al., Doing Business Under the Firm Name and Style of W. H. HOLMES & CO., Appellants.

ACTION FOR CLAIM AND DELIVERY FOR POSSESSION OF NOTE—PRIOR SETTLEMENT OF LARGER NOTE — COMMISSIONS PAID—ASSIGNMENT OF SMALLER NOTE FOR COLLECTION—INABILITY TO COLLECT.—Where a note of $2,000 was intrusted to defendants as a collection agency, on an agreed commission of fifteen per cent of the moneys collected, and upon suit thereupon a settlement was effected by part payment thereof in cash and some shares of stock, and a new note for $600 and a settlement of fifteen per cent of the cash and fifteen per cent of the stock was effected, and the new note was assigned to defendants for collection on the same percentage basis, but they were unable to collect any part of it, and some time after its maturity plaintiff demanded possession of the same, which was refused, the plaintiff had the right, under the circumstances, to maintain an action of claim and delivery for the possession of said new note.

ID.—AGENCY FOR COLLECTION OF NEW NOTE NOT A POWER COUPLED WITH AN INTEREST—POWER OF REVOCATION ON NONCOLLECTION—RIGHT OF POSSESSION AFTER REVOCATION.—The agency of the defendants for the collection of the new note on a percentage basis, which they were unable to collect at maturity and obtained nothing thereon, was not a power coupled with an interest, and was revocable upon failure to collect, under section 2356 of the Civil Code, and the plaintiff having revoked the agency, he was entitled to the possession of the note.

ID.—APPEAL FROM JUDGMENT AND ORDER—APPEAL FROM JUDGMENT TOO LATE—REVIEW OF ORDER—SUPPORT OF FINDINGS.—Where the defendants gave notice of an appeal from the judgment more than six months after the entry of the judgment, and also of an appeal from an order denying a new trial, taken within proper time, the appeal from the judgment cannot be considered, and the review must be confined to the appeal from the order denying a new trial. But it is held that the evidence supports the findings of the court, and that the order denying the new trial must be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Charles W. Hatton, for Appellants.

Ray L. Chesebro, for Respondent.

ALLEN, P. J.—The action was one in claim and delivery. The facts as found by the court are these: Plaintiff, the payee of a promissory note for $2,000, intrusted same with defendants, a collection agency, with authority to collect, upon an agreement to pay fifteen per cent on all moneys collected thereon. The note was assigned to defendants for collection and a suit instituted, pending which a settlement was effected through which the payor paid in money to plaintiff $547.50, transferred ten shares of corporate stock, and executed a new note to the original payee for $600. Plaintiff paid to defendants the sum of $81, as commission on such collection, and transferred the certificate of stock for ten shares, under an agreement that fifteen per cent thereof, or one and one-half shares, should be transferred to defendants, and the remaining eight and one-half shares to plaintiff. The court finds that this payment and transfer were in full settlement of all accounts due defendants for effecting such settlement; that on the date of such settlement plaintiff delivered said $600 note to defendants upon the further agreement that they should retain fifteen per cent of any sum collected thereon. Defendants were unable to collect said note, or any part thereof, and shortly after its maturity plaintiff demanded possession thereof, which was refused; hence this action.

The notice of appeal was from the judgment and an order denying a new trial. More than six months having elapsed after entry of the judgment, the appeal therefrom cannot be considered.

The only matter requiring attention relates to the action of the court in denying a new trial. The specifications of error are as to the insufficiency of the evidence to support the finding with reference to the original agreement through which fifteen per cent of the moneys received should constitute defendants' compensation, and that the sum of $81 and the transfer of one and one-half shares of stock were received by the defendants in full satisfaction of their commission. **We**

find evidence in the record sustaining the findings of the trial court; in fact, defendants' evidence goes far in that direction, were that of the plaintiff to be disregarded. The note in controversy was delivered to defendants and a receipt given therefor which states that the same was received for collection. Defendants incurred no expense other than that defrayed by plaintiff; and under the agreement, evidenced by this receipt, had no interest or claim other than the right to retain a per cent upon moneys collected. Defendants collected nothing and were not agents with power coupled with interest, and the agency existing was one revocable under section 2356, Civil Code. Plaintiff having revoked this agency, he was entitled to possession of the note.

We see no error in the record warranting a reversal of the order denying a new trial, and the same is affirmed.

James, J., and Shaw, J., concurred.