[Crim. No. 637.   Second Appellate District, Division One.—December 9, 1918.]

In the Matter of the Application of W. J. HITTSON for a Writ of Habeas Corpus.

ATTORNEY AT LAW — DISBARMENT — RIGHT TO PRACTICE IN JUSTICE'S COURTS.—A judgment disbarring an attorney at law from practicing his profession in all the courts of the state does not prevent such attorney from appearing as an attorney in a justice's court, since the judgment of disbarment only takes away such rights and privileges as were conferred by the license to practice.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.   Petitioner discharged.

The facts are stated in the opinion of the court.

Gessner Williams and W. I. Gilbert for Petitioner.

Frank C. Collier for Respondent.

JAMES, J.—*Habeas corpus.* Petitioner seeks to be discharged from the custody of the sheriff of Los Angeles County by whom he is held under a writ of commitment issued by the superior court. The proceeding in which the writ of commitment was issued was one for contempt. On October 2, 1918, by judgment of the superior court, this petitioner was disbarred from practicing as an attorney in all the courts of the state. On October 21, 1918, an affidavit was presented to the superior court wherein the affiant set forth the substance of the disbarment proceeding and deposed further that petitioner, during the month of October, had as attorney commenced five suits in the justice's court of Los Angeles township and had during the same month conducted two examinations of judgment debtors in the same court. With that affidavit as a foundation, the court proceeded to a hearing and adjudged petitioner guilty of a contempt because it appeared that since the entry of judgment of disbarment petitioner had "been practicing in the justice courts." We wish particularly to point out that the accusing affidavit upon which the contempt proceedings were founded contained no statement charging that the petitioner had in any wise held himself out as an attorney at law or done any act, except to file suits in the justice's court and there appear for the two examinations mentioned.

But one question is presented by counsel appearing in this proceeding, that being as to whether a judgment of disbarment, general in its terms, may operate to prevent the accused from appearing as attorney in a justice's court. Section 842 of the Code of Civil Procedure provides as follows: "Parties in justices' courts may appear and act in person or by attorney; and any person, except the constable by whom the summons or jury process was served, may act as attorney." It is, of course, at once conceded that had the petitioner here not pretended to act generally as an attorney at law, but only to appear in the justice's court under the permission given by the section just referred to, and had he been without license

as an attorney, no ground would have been afforded for dis-
barment proceedings.  Counsel for respondent, however, sug-
gests that the judgment followed section 299 of the Code of
Civil Procedure and by its terms precluded petitioner (there-
tofore a licensed attorney) from practicing as attorney in all
the courts of the state.  The question is as to whether by the
proceeding of disbarment provided in section 289 et seq., of
the Code of Civil Procedure, it is intended that the court by
its decree shall be authorized to do more than take away all of
the privileges conferred upon the holder of a license to prac-
tice law.  As we read the sections, they mean nothing more.
Referring back to section 277 of the Code of Civil Procedure,
we find that an applicant for admission to practice upon ex-
amination, or upon certificate from another state, when admis-
sion is allowed, is admitted as attorney and counselor "in all
the courts of this state."   Section 299, which has already been
referred to, provides that the judgment of disbarment shall be
that the accused "be precluded from practicing as such attor-
ney or counselor in all the courts of this state," using the pre-
cise language which is found in section 277, *ante,* referring to
the admission of applicants.  Where the phrase is used in the
latter connection, it naturally means that the applicant is
admitted to practice in all the courts wherein a license is first
required.  Such certificate in no wise restricts or enlarges the
right of a person to appear as attorney for another in a jus-
tice's court.  If such is the case, we can find no room for
plausible argument sustaining the contention that when judg-
ment of disbarment is entered it does more than take away the
rights granted by the order of admission to practice.  With-
out doubt the legislature would have the right to provide that
any person who had been disbarred from the practice of law
should be ineligible to appear in a justice's court to represent
another, and we venture the suggestion that such legislation is
both appropriate and desirable; and we do not intimate that a
justice's court may not possess inherent power to refuse to
allow a person to appear as attorney for a litigant where such
person is known to be dishonest or of disreputable character.
Counsel for respondent has cited a New Mexico decision which
seems to sustain his view (*State* v. *Marron,* 22 N. M. 632, [167
Pac. 9] ).   In so far as it does serve that purpose, we do not
concur in its reason or logic.  There is a dissenting opinion in
the same case.  On the other hand, we find in the case of *Dan-*

*forth* v. *Egan*, 23 S. D. 43, [139 Am. St. Rep. 1030, 20 Ann. Cas. 418, 119 N. W. 1021], expressions indicating a contrary view to that expressed by the two judges of the New Mexico court. We have taken this case as it is presented upon the one proposition argued by counsel and illustrated by the facts stated in the affidavit which formed the basis for the contempt proceeding. The case so made, in our opinion, must be resolved in favor of the petitioner.

It is ordered that petitioner be discharged from the custody of the sheriff.

Conrey, P. J., and Myers, J., *pro tem.,* concurred.