[Civ. No. 5392. Second Appellate District, Division Two.—June 23, 1927.]

S. KOEPPLE, Appellant, v. KENNETH E. MORRISON, etc., Respondent.

S. Koepple, *in pro. per.,* for Appellant.

Bishop & Wellington for Respondent.

THOMPSON, J.—The petitioner and appellant, a former member of the legal profession who was disbarred on Febru-

ary 24, 1925, brought an action upon a claim assigned to him for the purpose of collection only in the justice's court of Santa Ana township, where he stipulated to the fact that judgment of disbarment had been entered against him, and that the chose in action was assigned to him solely for the purpose of collection. Upon that stipulation the respondent, Justice of the Peace, refused to permit the petitioner to proceed with the trial and declined to hear him further, whereupon he filed a petition for the writ of mandate in the superior court. After hearing, judgment was entered denying the writ. This appeal is from that judgment.

Subsequent to the decision of *In re Hittson,* 39 Cal. App. 91 [178 Pac. 149], in which it was held that one who had been disbarred had the same right to practice in the justice's court as one who had not been admitted to the bar, and quite evidently in response to the suggestion therein contained that the legislature had the undisputed right to prevent a person who had been disbarred from appearing in a justice's court, the legislature amended sections 299 and 300 of the Code of Civil Procedure (Stats. 1921, p. 100; Stats. 1923, p. 746), so that the material portions read as follows: Section 299: " . . . During such suspension or disbarment the attorney shall be precluded from practicing as an attorney at law or as an attorney or agent of another in and before all courts, commissions and tribunals in the state, including justice courts, recorder's courts and police courts, and from practicing as attorney or counselor at law in any manner and from holding himself out to the public as an attorney or counselor at law." Section 300: "No person who has been an attorney and counsellor shall while a judgment of disbarment or suspension is in force, appear on his own behalf as plaintiff in the prosecution of any action where the subject of said action has been assigned to him subsequent to the entry of the judgment of disbarment or suspension."

The appellant attacks that portion of the findings of fact which says that the claim was "assigned to the petitioner for the purpose of evading, nullifying or escaping the effect of said judgment of disbarment" and that he "was the agent of the person who had assigned said claim to him." He also asserts that the conclusions of law to the same effect are without justification. It must be conceded that the

findings just quoted are without other support than the fact that petitioner had been disbarred previous to the assignment, and that the assignment to him was made solely for the purpose of collection. In so far as the findings go beyond this, we deem them surplusage, immaterial, and unnecessary to determine the issue presented to the court, and they may therefore be disregarded. To determine, therefore, whether the rights of petitioner have been prejudiced, our consideration of the problem must be conducted without regard to the conclusions of the court upon these facts to which the parties stipulated. ■ The question then frames itself in this manner: Has the legislature the authority to prevent one who has been disbarred from appearing *in propria persona* in an action, the foundation of which is a claim assigned to him, solely for the purpose of collection? It is obvious from a reading of sections 299 and 300 of the Code of Civil Procedure, heretofore quoted, that the legislature intended to erect such a barrier, and if such intent is consistent with constitutional guaranties (the petitioner asserts that it is not), we ought to give it effect. We do not need to concern ourselves with the right of the legislature to prevent any person or class of persons from appearing *in propria persona* to assert or protect a right—provided there be a substantial distinction between an outright assignment of a chose in action and one for collection purposes only. That there is a marked and vital difference seems to admit of little argument. ■ It is common knowledge that collection agencies pursue the policy of taking assignments of claims for the purpose of bringing action, and that the only interest the assignee has in the subject matter is a percentage thereof as his compensation for doing those things ordinarily performed by an attorney at law. It is true that he holds the legal title—but it is the bare legal title. (*Greig* v. *Riordan,* 99 Cal. 316 [33 Pac. 913]; *Chase* v. *Holmes,* 19 Cal. App. 670 [127 Pac. 652]; *Kelley* v. *Hampton,* 22 Cal. App. 68 [133 Pac. 339].) In fact, it was determined in *Chase* v. *Holmes, supra,* that the assignment for collection purposes established an agency, revocable by the principal, for the reason that the interest of the assignee to retain a percentage of the moneys collected did not vest him with a power coupled with an interest. In substance,

then, the only interest the assignee or the plaintiff could have would be the fruit of doing that which he is disbarred from doing, to wit: Practicing his profession. Petitioner's reply to the last assertion is that he is in the same position as one who has never been admitted, and since one who has not been admitted may appear in the justice's court as his own counsel upon a claim assigned to him for collection, that appellant has the same right. He argues that section 300 of the Code of Civil Procedure is unjustly discriminatory and therefore violates both the state and federal constitutions. ■ But the legislature is vested with a large discretionary power in determining those matters which are for the protection of the public, and unless the measure is unreasonable or the discretion arbitrarily exercised, the courts will not interfere. (*In re Miller*, 162 Cal. 687–693 [124 Pac. 427]; *Laurel Hill Cemetery* v. *San Francisco*, 152 Cal. 464 [14 Ann. Cas. 1080, 27 L. R. A. (N. S.) 260, 93 Pac. 70]; *In re Barmore*, 174 Cal. 286 [L. R. A. 1917D, 688, 163 Pac. 50].) ■ It is also a well-recognized principle of constitutional law that there is no unjust discrimination wherever there is a proper classification and everyone who stands in the same relation and under the same circumstances and conditions is treated in the same manner. (*In re Finley*, 1 Cal. App. 198 [81 Pac. 1041].) It cannot be doubted that the legislature would have the right to say that any person convicted of a criminal offense involving moral turpitude should not be permitted to appear in the justice's court as his own counsel upon a claim assigned to him for the purpose of collection. That such would be a proper classification cannot be denied. The causes for the removal or disbarment of an attorney at law are similarly of such a character as outlined in section 287 of the Code of Civil Procedure as to warrant the legislature in classifying all of those who have been removed for any of the causes therein mentioned into a special class. ■ There is a great distinction between a man who has proven himself unfit to practice law by the commission of any of the acts denounced by that section and a man who has not proven himself fit for admission. In the first case the legislature may properly say as it has, that the public, and in particular those who may desire to assign claims for the purposes of collection, are en-

titled to the protection of not having them in the hands of those who have proven themselves unfit for the trust.

Judgment affirmed.

Craig, P. J., *pro tem.*, and Murphey, J., *pro tem.*, concurred.