[S. F. No. 1277.   In Bank.—November 10, 1899.]

HENRY WOLTERS et al., Appellants, v. LENA ROSSI et al., Respondents.

ORDER VACATING DISMISSAL—JURISDICTION.—An order vacating the dismissal of an action by the clerk at the direction of the plaintiff is within the jurisdiction of the superior court, whether the judgment of dismissal has been entered or not.

ID.—EFFECT OF ORDER—TRIAL OF ISSUES.—The effect of such an order, if not appealed from, is permanently to annul the entry of dismissal in the clerk's register, as well as the judgment of dismissal, if entered, and to leave the case in the condition in which it was prior to plaintiff's order of dismissal; and the defendants are entitled to a trial and determination of the issues presented in the case.

CONSOLIDATION OF ACTIONS—ADMISSIBILITY OF DEPOSITIONS.—The court has the power to consolidate actions upon causes of action which might have been joined; and after such consolidation, depositions taken in one of the actions prior to the consolidation are admissible in the consolidated action.

ID.—CONSOLIDATION OF CREDITOR'S BILL AND ACTION BY ASSIGNEE OF CERTIFICATE OF DEPOSIT—JURISDICTION—WAIVER OF OBJECTION.— An order of court consolidating a creditor's bill to reach a fund transferred by a judgment creditor in fraud of creditors, with an action by the assignee of a certificate of deposit, representing the same fund, to collect it from the bank, upon a finding that the parties to and beneficially interested in the actions are one and the same, and that they might have been joined, is within the jurisdiction of the court; and where no exception was taken to such order, and no motion made to set it aside, it is binding upon all parties, and error therein cannot be considered either at the trial of the consolidated action or upon appeal from the judgment rendered therein.

ID.—DEPOSITIONS SHOWING BENEFICIAL OWNERSHIP OF FUND—UNTENABLE OBJECTIONS.—Depositions taken in the action by the assignee of the certificate of deposit are admissible in the consolidated action; and they are not objectionable upon the ground that there were no preliminary proofs that the oral testimony of the witnesses could not be had, nor upon the ground that the judgment debtor and his wife had no opportunity to cross-examine the witnesses.

CREDITOR'S BILL—FRAUDULENT TRANSFER OF MONEYS—CERTIFICATE OF DEPOSIT—GARNISHMENT OF BANK.—A creditor's bill to reach moneys

claimed to have been given by the judgment debtor to his wife
in fraud of his creditors does not depend upon the validity of a
lien created by the garnishment of a bank to which the fund
had been transferred by the wife, and which had issued to
her a certificate of deposit therefor; and where the bank, which
alone was entitled to question the effect of the garnishment, has
paid the money into court, and been discharged by its order
from liability to the judgment creditor and the wife, and to the
holder of the certificate of deposit, who are parties to the action,
the validity of the garnishment is immaterial.

ID.—GIFT OF MONEYS BY INSOLVENT HUSBAND TO WIFE—FRAUD UPON
JUDGMENT CREDITORS — ORDER OF EXAMINATION — FINDING AGAINST
EVIDENCE.—A mere gift of moneys by an insolvent husband to his
wife, made after an order of examination has been served upon
the husband by his judgment creditors, must be inferred to
have been made with intent to hinder the judgment creditors
in the collection of their judgment; and a finding in such case
that there was no such intent in fact is against the evidence.

ID.—FRAUDULENT INTENT—QUESTION OF FACT—TRANSFER WITHOUT CON-
SIDERATION—CONSTRUCTION OF CODE.—Section 3442 of the Civil Code,
which declares that the question of fraudulent intent is one of
fact and not of law, and which formerly provided negatively
that a transfer could not be adjudged fraudulent "solely on the
ground that it was not made for a valuable consideration" is to
be considered as subordinate in its provisions to the rule that a
finding upon the question of fact must be supported by the tes-
timony, and that fraudulent intent may be inferred from the
absence of valuable consideration when coupled with other cir-
cumstances suggestive of fraud.

APPEAL from a judgment of the Superior Court of Fresno
County and from an order denying a new trial. J. R. Webb,
Judge.

The facts are stated in the opinion of the court.

George B. Graham, and Frank H. Short, for Appellants.

L. L. Cory, and A. M. Drew, for Respondents Lena Rossi
and C. Rossi.

H. H. Welch, for Respondent Farmers' Bank of Fresno.

HARRISON, J.—The appellants recovered a judgment in
the superior court against the respondent, Charles Rossi, June
19, 1894, for the sum of sixteen hundred and forty-three dol-
lars and costs, and thereafter, under proceedings supplementary

to execution thereon, an examination of the judgment debtor and of his wife, Lena Rossi, was had before a referee appointed therefor by the court. At this examination it was shown that about the twenty-eighth day of February, 1895, the judgment debtor had given to his wife moneys amounting to sixteen hundred and fifty-two dollars and nineteen cents, which he transferred to her from the Bank of Central California, and that on March 1st she had deposited this money with the Farmers' Bank of Fresno and received from it therefor its certificate of deposit negotiable in form and payable to her order. The order for the examination was made February 23d, and an examination was had on February 28th, and again on March 2d. After the examination upon the latter date the referee made his report to the court, and thereupon the court made an order authorizing the plaintiffs to bring an action against said Lena Rossi for the recovery of said sum of sixteen hundred and fifty-two dollars and nineteen cents, and at the same time prohibited and restrained her and the Farmers' Bank of Fresno from making any transfer or disposition of the money until its further order in the premises. In pursuance of this order of the court, the present action was brought against Lena Rossi and her husband and the Farmers' Bank of Fresno. Rossi and his wife answered the complaint, claiming that the certificate of deposit and the money represented thereby was the property of Lena, and denying that it was the property of Charles, or subject to be applied upon the plaintiffs' judgment, and also alleging that, immediately upon its issuance and delivery to Lena, it had been transferred and delivered by her, and that they had neither of them any knowledge whatever as to its ownership or possession. No answer to the complaint appears to have been made by the bank.

July 11, 1895, William Rigby, Jr., commenced an action against the Farmers' Bank of Fresno to recover the amount of the above certificate of deposit, and alleged in his complaint its indorsement in blank by Lena Rossi and delivery to one Scott and subsequent indorsement by Scott to the order of M. Ehrman & Co., and by Ehrman & Co. to the order of Rigby, the latter indorsement being "without recourse."

Upon motion of the defendant in this action the court made

an order November 7, 1895, under which the bank deposited
in court the moneys represented by the certificate of deposit,
and directed that the plaintiffs in the action of *Wolters v. Rossi*
be substituted as defendants for and in the place of the bank,
and discharging the bank from all liability to them for and on
account of said certificate of deposit. The plaintiffs in the
original action thereupon answered the complaint in Rigby's ac-
tion. The action of Rigby against the substituted defendants
was brought on for trial January 23, 1896, and when nearly
completed was continued for further hearing until January
29th. January 27th Rigby filed with the clerk an order en-
titled, "*W. Rigby, Jr., v. Farmers' Bank of Fresno (a corpora-
tion)*," as follows: "The clerk of said court is hereby authorized
and directed to dismiss the above-entitled action and to enter
in the judgment docket the said judgment of dismissal."
Thereupon the clerk made the following entry in his register:
"In accordance with dismissal filed herein by counsel for plain-
tiff, I, T. G. Hart, clerk of said superior court, do hereby order,
adjudge, and decree that said action be and the same is hereby
dismissed." A document containing the same language was also
indorsed, "Filed January 27, 1896, T. G. Hart, clerk, by E. T.
Wolcott, deputy clerk."

Afterward, the substituted defendants moved the court to
set aside and vacate this dismissal, and after hearing the proofs
upon this motion the court made an order, March 23d, vacating
and setting the same aside. March 25th, these substituted de-
fendants moved the court that this action be consolidated with
the one brought by them against Rossi *et al.,* and at the same
time Rigby made a cross-motion for the dismissal of his action.
The motions were heard together, and on March 28th the
court made an order in which, after reciting that it "finds the
facts to be that the parties to and beneficially interested in the
above-entitled action are one and the same, and might have
been joined," it denied the motion of Rigby to dismiss his ac-
tion, and ordered that the motion of Wolters *et al.,* to consoli-
date said actions "be and the same is hereby granted, and said
actions are accordingly hereby consolidated." The actions thus
consolidated came on for trial May 17th, at which time Rigby
objected to any further hearing or proceeding in the case

brought by him, "for the reason that the case has been at the request of the plaintiff by written stipulation and order of the clerk dismissed," and objected to the court taking any further proceedings in the case, of any kind, character, or description. The court sustained this objection, to which ruling the substituted defendants therein—the plaintiffs in the other action—excepted, and thereupon the court proceeded to the hearing of the case of *Wolters v. Rossi et al.* Upon the conclusion of the trial the court found that the certificate of deposit, from the date of its issue and delivery until the commencement of the action, was not in the possession or control of the defendant Lena Rossi, or her husband, or either of them, and that the ownership had been transferred to other persons, and that at the time the action was commenced it was outstanding, duly indorsed by the defendant Lena. Judgment was thereupon rendered in favor of the defendants, from which and an order denying a new trial the plaintiffs have appealed.

1. The action of the court in sustaining the objection of Rigby to any further hearing or proceeding in the case in which he was plaintiff was erroneous, and the ground upon which he placed his motion therefor was untenable. Whatever effect the act of the clerk upon Rigby's order for the dismissal might have had upon the action, if no order had been made in reference thereto, it was completely annulled by the subsequent order of the court vacating it. The action was still pending in the court, and, even if a judgment had been entered upon the plaintiffs' order, the court had jurisdiction to entertain the motion of the defendant and to make an order setting aside the order of the clerk. "Such an order, however erroneous, is not void. It is an order after judgment, is made in the exercise of the general jurisdiction of the court, and, if not appealed from, the order operates permanently to vacate and annul the entry in the clerk's register as well as the judgment." (*Page v. Superior Court*, 76 Cal. 375.) In *Page v. Page*, 77 Cal. 83, it was said: "The dismissal is not complete, in the sense that the control of the court over the cause is terminated, until the judgment is entered." In that case, as in this, there had been an entry of dismissal in the clerk's register, but no judgment had been entered thereon. The only entry

of dismissal herein is that made by the clerk in his register, which was also "filed" by him on the same day. The clerk had no authority to "order, adjudge, and decree" that said action be and the same is hereby dismissed, and this entry by him in his "register" was not an entry of judgment. The register is what its name purports, "a book in which the clerk is to enter the title of the action, with brief notes under it from time to time of all papers filed and proceedings had therein " (Code Civ. Proc., sec. 1052); but judgments must be entered in the "judgment-book." (Code Civ. Proc., sec. 668.) The judgment to be entered upon the order of dismissal is a judgment of the court, although it is to be entered by the clerk.

In the present case, the parties appeared before the court at the hearing of the motion, and upon the evidence offered in its support the court made an order vacating the dismissal. No appeal was taken from this order, but two days afterward Rigby, in apparent recognition of its force, moved in open court for an order to dismiss his action, and the court, after a hearing thereon, made a further order denying his motion. · When the cause came on for trial and Rigby made the above objection, both of these orders were in full force, and the defendants were entitled to a trial and determination of the issues presented in the case. The court, therefore, erred in refusing to proceed with such trial.

This error was made the basis of another error at a subsequent stage of the proceedings. At the same time that the court denied the motion of Rigby for a dismissal of his action it made an order, as before stated, consolidating that action with the action brought by the appellants herein against Rossi *et al.* Upon the trial the appellants offered in evidence a deposition of Rigby and also one of Ehrman, to which objection was made on the ground that they were taken in the action brought by Rigby, and not in the action brought by the appellants. Upon this objection the court excluded the deposition. The materiality of the evidence therein is not questioned, since it tended to sustain the allegation of the appellants that the certificate of deposit in question was at all times under the control of the defendant Lena. The order consolidating the actions had, however, the effect to destroy the force of the above objection, and

the court should have received the depositions in evidence. By making this order the court determined that the actions were "upon causes of action which might have been joined" (Code Civ. Proc., sec. 1048), and after the consolidation had been made it was immaterial in which action the depositions had been originally taken. In the order itself the court "finds the facts to be that the parties to and beneficially interested in the above-entitled actions are one and the same and might have been joined." Whether the court was justified in making this order, or whether it erred therein, could not be considered at the trial of the action, nor is the question open to review here. The order was one which the court had jurisdiction to make, and, until it was vacated or set aside, was binding upon all the parties to the two actions. No exception was taken to it, nor was any motion made to set it aside, and the court should have recognized its effect and admitted the depositions when offered.

The objections made by the respondents in their brief herein that there was no preliminary proofs of the facts entitling the depositions to be received instead of oral testimony of the witnesses, and that no opportunity had been given to the Rossis to cross-examine the witnesses, were not made before the superior court, and are not before us for consideration. If, in fact, the parties to and beneficially interested in the actions are one and the same, as found by the court in its order, this objection was without merit. (See *Briggs v. Briggs,* 80 Cal. 253.)

2. February 28, 1895, the plaintiffs caused a second execution to be issued upon their judgment against Rossi, and on March 2d, by virtue of this writ, all the money then belonging to Charles Rossi in the possession or under the control of the Farmers' Bank of Fresno was attached under process of garnishment. It is urged by the respondents that, as the court found that at the time of the service of this garnishment upon the bank the certificate of deposit was not in the possession or under the control of the defendant Lena, but had been indorsed by her and was outstanding, and the ownership thereof had been transferred to other persons, the plaintiffs acquired no lien upon the moneys represented thereby. This finding, however, is made without reference to the evidence contained in the depositions which were excluded. Such excluded evi-

dence would tend to show that the certificate was under the control of the defendant Lena at all times prior to the commencement of the plaintiffs' action, and we cannot assume what the finding of the court would have been had this evidence been admitted. There is, moreover, an uncertainty in the findings of the court upon this point. In paragraph 10 of the complaint it is alleged that the certificate of deposit from the date of its issue and delivery until the commencement of this action was in the possession and control of the defendants Lena and Charles, and the ownership thereof not transferred by them or either of them to any other person. The court finds that all the allegations contained in paragraph 10 of the complaint are true, but it also finds directly contrary to the above allegation in this paragraph.

The plaintiffs' action is in the nature of a creditor's bill for the purpose of subjecting to the payment of their judgment moneys claimed to have been given by their judgment debtor to his wife in fraud of his creditors, and their right of action does not depend upon the validity of a lien created by the above garnishment. Moreover, any objection to the validity of the lien created by the garnishment of this money in the possession of the bank would more naturally come from the bank than from the payee of the certificate, especially in view of the allegation in her answer that the certificate was immediately upon its issue and delivery to her transferred and delivered by her, and that she has no knowledge whatever as to its ownership or possession. The bank, however, has paid the money into court, and an order has been made discharging it from all liability thereon to the holder of the certificate, or to the appellants herein.

3. The finding of the court that the transfer of the money to Lena from her husband was not in fraud of the rights of any of his creditors, or with any intent on the part of Charles to hinder, delay, or defraud any of his creditors, was not justified by the evidence. The allegations in the complaint of the insolvency of Charles, and of his indebtedness to the plaintiffs at the time of this transfer, were not denied in the answer. The complaint also alleged that the money was voluntarily given by Charles to his wife Lena "without any consideration, legal and

valid, as against his creditors, but as a gift pure and simple."
In their answer the defendants deny "that the money repre-
sented by said certificate of deposit was given by said C. Rossi
for a valuable consideration to said Lena Rossi. And deny,
that said money was in any manner given by the said C. Rossi
to the said Lena Rossi without any consideration therefor, or
as a gift pure and simple, or otherwise." The court finds "that
the money represented by said certificate of deposit was trans-
ferred and given to Lena Rossi by C. Rossi," but does not find
the consideration upon which the transfer was made, or whether
it was made upon any consideration, or was voluntary. The
denial of the defendants that the transfer was for a "valuable"
consideration, coupled with their denial that the money was
given "without any consideration," left the court at liberty to
find that there was a valid consideration for the transfer. The
testimony did not authorize the court to find that the money
was given by the husband to the wife upon any other consider-
ation than that of his love and affection for her, and this testi-
mony, taken with the admission of insolvency and indebtedness,
was insufficient to authorize the court to find that the transfer
was without any intent to defraud his creditors. The declara-
tion in section 3442 of the Civil Code, that the question of
fraudulent intent is one of fact, and not of law, is subordinate
to the rule that a finding of the fact must be supported by the
testimony in the case; and the further provision in the section
as it stood at that time, that the transfer cannot be adjudged
fraudulent solely on the ground that it was not made for a valu-
able consideration, is a negative rather than a positive provision.
It has never been held in this state under this provision that a
fraudulent intent should not be inferred from the absence of a
valuable consideration when coupled with other circumstances
suggestive of fraud. In *Judson v. Lyford,* 84 Cal. 505, it ap-
peared that while the grantor was heavily indebted to the plain-
tiff he made a voluntary conveyance of his property for the
benefit of his children, and that he had at that time no other
property. The superior court found that there was no fraudu-
lent intent, but this court reversed that finding upon the
ground that under these facts the inference was irresistible that
he intended to place the property beyond the reach of the plain-

tiff's judgment. This case was referred to in *Windhaus v. Bootz,* 92 Cal. 617, and was distinguished from that upon the ground that "two all-controlling facts" appeared therein, viz., "defendant conveyed away all his property, and at the same time was practically insolvent." In *Bull v. Bray,* 89 Cal. 286, the superior court found that at the time of the conveyance Bray was ignorant of the fact that he was insolvent, but made no finding upon the question of intent, and for this reason granted a new trial. This order was affirmed here upon the ground that there was no irresistible inference that his intent was fraudulent under the finding that he did not know that he was insolvent at the time he made the conveyance. When the same transaction again came before the court in *Knox v. Moses,* 104 Cal. 502, the circumstances attending the transaction were held to fully support the finding of a want of fraudulent intent.

In view of these admissions in the pleadings and findings of the court, and the further showing that the transfer was made after the order of examination had been served upon the judgment debtor, it must be held that the inference is irresistible that the transfer to Lena was with the intent to hinder and delay the plaintiffs in the collection of their judgment.

The judgment and order denying a new trial are reversed.

Henshaw, J., McFarland, J., Garoutte, J., Van Dyke, J., and Temple, J., concurred.