[Civ. No. 5223.    First Appellate District, Division One.—June 2, 1925.]

## A. GALLETTA, Petitioner, v. JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] DISMISSAL—JUSTICE'S COURT APPEAL—VACATION OF PRIOR ORDER—JURISDICTION.—The superior court has jurisdiction in a proper case, upon notice and within six months after the entry of its order dismissing an action appealed to the court from a justice's court, to vacate such order if inadvertently or improvidently made, and such order, although erroneous on the facts, is not void; and such relief may be had by one in whose favor the order was made.

[2] JUDGMENTS—FACTS—PRESUMPTIONS.—Every presumption is in favor of the validity of the order vacating the order for dismissal, and any condition of facts consistent with its validity will be presumed to have existed, rather than one that will defeat it.

[3] ID. — PROCEEDING TO QUASH EXECUTION — COLLATERAL ATTACK. — Where a case is appealed from a justice's court to the superior court on questions of law and fact and the latter court, after making an order dismissing the action, sets that order aside and subsequently makes an order dismissing the appeal, and thereupon the papers are returned to the justice's court and execution is thereupon issued on the original judgment in favor of plaintiff, a proceeding in *mandamus* to compel the justice's court to recall and quash said execution is, in effect, a collateral attack on the orders of the superior court.

---

(1) 18 C. J., p. 1208, n. 44, p. 1209, n. 51 New, p. 1210, n. 66, p. 1211, n. 85 New.    (2) 4 C. J., p. 763, n. 55.    (3) 34 C. J., p. 511, n. 46; 35 C. J., p. 705, n. 16 New.

1. See 14 Cal. Jur. 1015; 15 R. C. L. 696.
2. See 14 Cal. Jur. 859; 15 R. C. L. 875.

PROCEEDING in Mandamus to compel a Justice's Court to recall and quash a writ of execution. Writ denied.

The facts are stated in the opinion of the court.

S. Slikerman for Petitioner.

M. H. Hernan for Respondents.

CASHIN, J.—Petition by A. Galletta for a writ of mandate to the Justice's Court of the City and County of San Francisco to recall and quash an execution issued from that court.

An action was brought by respondent, Felix Lehman, against petitioner in said Justice's Court to recover the sum of $100. Judgment therefor was entered during the year 1915 and petitioner appealed therefrom on questions of law and fact to the superior court of the city and county of San Francisco. Thereafter no action by either party was taken in the superior court until July 24, 1924, when respondent Lehman moved to dismiss the *appeal* under the provisions of section 981a of the Code of Civil Procedure, upon which motion the court made, and on November 6, 1924, entered its order and judgment dismissing the *action*. Whereupon respondent on November 21, 1924, moved the court, on due notice to petitioner, for its order vacating the previous order and judgment, and for its order dismissing the appeal in accordance with the motion originally made, on the ground that the first order, in dismissing the *action*, had been inadvertently made by the court. After hearing the court vacated the original order, restored the original motion to its calendar, and, after further consideration, made and entered on January 5, 1925, its order dismissing the appeal. Whereupon, pursuant to section 982 of the Code of Civil Procedure, the papers in the case were returned and filed in the Justice's Court, execution issued therefrom and motion made by petitioner therein for an order recalling and quashing the execution, which motion was denied. In the meantime—the exact date not appearing from the record, but apparently later than the date of the original order—petitioner filed in said superior court his motion to dismiss the action under the provisions of

section 581, Code of Civil Procedure, for want of prosecution by respondent, which motion was presented on January 5, 1925, and by the court denied by and as a part of its order last mentioned dismissing the appeal.

Petitioner contends that the superior court, upon the making and entry of its order dismissing the action, thereby lost jurisdiction of the case; and that its subsequent orders vacating its original order and dismissing the appeal were void; that no judgment existed after the making of the original order dismissing the action on which the execution might issue, and that it was and is the duty of the Justice's Court to recall and quash the executon. Petitioner does not contend that the superior court would have been without jurisdiction to dismiss the appeal in the first instance, or that the facts on which the motion therefor was based were not sufficient to justify such action under the provisions of section 981a of the Code of Civil Procedure.

The record does not show the facts presented or on which the superior court acted in vacating its original order dismissing the action.

[1] The court had jurisdiction in a proper case, upon notice and within six months from the entry of the original order of dismissal, to vacate such order if inadvertently or improvidently made, and such order, although erroneous on the facts, was not void, and such relief might be had by one in whose favor the order was made (*Wolters* v. *Rossi,* 126 Cal. 644 [59 Pac. 143]; *Consolidated Construction Co.* v. *Pacific Elec. Ry. Co.,* 184 Cal. 244 [193 Pac. 238]; *Wiggin* v. *Superior Court,* 68 Cal. 398 [9 Pac. 646]; *Brackett* v. *Bonegas,* 99 Cal. 623 [34 Pac. 344]).

[2] Every presumption is in favor of the validity of the order vacating the order of dismissal, and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it (*Canadian etc. Co.* v. *Clarita Land and Imp. Co.,* 140 Cal. 672 [74 Pac. 301]).

[3] The proceeding before us is in effect a collateral attack upon the orders of the superior court which were not, so far as shown by the record, void. (*Wiggin* v. *Superior Court,* 68 Cal. 398 [9 Pac. 646]; Freeman on Judgments,

5th ed., sec. 312; *Frey* v. *Superior Court,* 22 Cal. App. 421 [134 Pac. 733].)

For the foregoing reasons the writ is denied.

Knight, J., and Tyler P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1925.