[S. F. No. 11635. In Bank.—October 19, 1926.]

In the Matter of the Estate of ANTONE J. WIECHERS. SOPHIE WIECHERS, Appellant, v. BIRDIE WIECHERS, Respondent.

[1] ESTATES OF DECEASED PERSONS—PETITION FOR PARTIAL DISTRIBUTION—ACTION FOR DIVORCE—JUDGMENT OF DISMISSAL—MOTION TO VACATE—NOTICE.—In a proceeding for partial distribution of the estate of a deceased person, the contention of the petitioner that the court of another state was without jurisdiction to vacate a judgment of dismissal in an action for divorce between the petitioner and the deceased, because no notice of the motion to vacate was served on her, cannot be maintained, where the petitioner had not appeared and was in default in the divorce action, as she was not entitled to notice under the circumstances.

[2] ID.—DEFAULT—SERVICE OF PAPERS—LAWS OF OTHER STATES—PRESUMPTION.—Where there is no showing as to the law of another state concerning the service of papers after default has been entered, it must be presumed that the laws of that state relating to service of a notice to vacate a judgment of dismissal in a divorce action, in which the defendant had defaulted, are the same as those of this state, and under the law of this state no such notice is required.

[3] ID.—JURISDICTION—PRESUMPTION.—It is a disputable presumption that a court or a judge, acting as such, whether in this state

----

1. See 21 Cal. Jur. 558.
2. See 5 Cal. Jur. 431.
3. See 2 Cal. Jur. 858.

or any other state or country, was acting in the lawful exercise of his jurisdiction, which presumption in favor of validity applies to an order vacating the dismissal of an action.

[4] ID.—MOTION TO VACATE ORDER OF DISMISSAL.—The contention that the court lost jurisdiction of a divorce action by a dismissal thereof and could re-acquire jurisdiction only by service upon defendant of some character of process issued by the court in the proceeding, and not by service of the plaintiff's mere notice of motion to vacate the order of dismissal, cannot be maintained.

[5] JURISDICTION—RETENTION OF AFTER JUDGMENT—SETTING ASIDE JUDGMENT—MISTAKE.—It is not generally true that a court loses jurisdiction for all purposes by entry of judgment in an action, but jurisdiction for certain purposes is reserved by statute, among such being that of setting a judgment aside for mistake.

[6] ID.—SERVICE OF NOTICE—FOREIGN STATE—PRESUMPTION OF JURISDICTION.—Where there is no evidence to show what constitutes a service of notice under the statutes of another state in which an action for divorce was brought, it will be presumed in this state that the statutes there are the same as in California on that subject; and where the evidence does not show that the defendant in such divorce action was not a resident of the foreign state from the time that the divorce action was dismissed until the order of dismissal was vacated, and as service of notice to vacate the order of dismissal could have been made by mail, the presumption in favor of jurisdiction that such was the case is not overcome by said defendant's mere statement that no papers were ever served upon her in any action for divorce.

[7] EVIDENCE—PRESUMPTIONS—SECTION 1963, CODE OF CIVIL PROCEDURE—FINDINGS.—The presumptions declared by the provisions of section 1963 of the Code of Civil Procedure, while disputable, are in themselves evidence and will support a finding made in accordance with them, even though there be evidence to the contrary.

[8] ID.—VACATING JUDGMENT—DETERMINATION OF CAUSE OF ACTION OR DEFENSE.—Although the statutes of another state, in which an action for divorce was brought, provided that a judgment should not be vacated on motion or petition until it was adjudged that there was a valid defense, or if plaintiff sought the vacation

5. See 14 Cal. Jur. 1009.
6. See 5 Cal. Jur. 431.
7. See 10 Cal. Jur. 744; 10 R. C. L. 871.

of judgment that there was a valid cause of action, the error, if it was such, in vacating a judgment of dismissal before trial could not have injured the rights of the adverse party.

(1) 18 C. J., p. 1211, n. 81 New. (2) 22 C. J., p. 154, n. 6; 34 C. J., p. 157, n. 64, 65, 66, p. 173, n. 49, p. 175, n. 68. (3) 15 C. J., p. 827, n. 17; 22 C. J., p. 128, n. 83, p. 129, n. 89 New; 34 C. J., p. 538, n. 74, p. 541, n. 96, p. 542, n. 99, p. 1140, n. 62. (4) 18 C. J., p. 1211, n. 81 New. (5) 34 C. J., p. 252, n. 72, p. 296, n. 9. (6) 18 C. J., p. 1211, n. 81 New; 22 C. J., p. 154, n. 6. (7) 22 C. J., p. 157, n. 40, 42. (8) 4 C. J., p. 969, n. 56; 19 C. J., p. 375, n. 30.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for partial distribution of the estate of a deceased person. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucius L. Solomons and Fred C. Peterson for Appellant.

Harrison & Harrison, Brobeck, Phleger & Harrison and Vincent W. Hallinan for Respondent.

FINCH, J., *pro. tem.*—This is an appeal by petitioner, Sophie Wiechers, from the order denying her petition for partial distribution to her of the estate of the above-named Antone J. Wiechers, deceased.

The petitioner and Wiechers were married in the state of Ohio June 25, 1903, and lived together in that state as husband and wife until July, 1908, when petitioner went to the home of her parents in the state of New York. December 24, 1908, Wiechers commenced an action for divorce against petitioner. Summons was duly served by publication. December 19, 1912, proof of publication of summons was filed and approved by the court. April 29, 1914, a minute entry of dismissal of the action was made as follows: "And now this action being duly called for trial, is dismissed without prejudice and without record at plaintiff's cost." November 20, 1914, plaintiff moved the court for an order reinstating the cause on the ground that "the same was dismissed by mistake and inadvertence." On the

same day an order granting the motion was made as follows: "On motion of plaintiff, and it appearing to the court that the cause herein was dismissed at the April term of this court, 1914 by mistake, this cause is hereby reinstated and leave given to try this issues and the entry dismissing this cause is hereby set aside." December 1, 1914, a decree of divorce was entered on the ground that "the defendant has been guilty of gross neglect of duty for more than one year last past." The respondent herein, Birdie Wiechers, "first became acquainted with Mr. Wiechers in 1915" and "married him on June 23, 1915, in New York City." She thereafter "bore him 3 children." The date of Wiechers' death does not appear, but the original petition herein, filed April 27, 1921, alleges that "letters of administration in said estate were issued to John Hornridge on the 3rd day of November, 1919." The value of the estate is about $52,000. The court found that the petitioner is not the surviving wife of decedent, that the divorce referred to herein is valid, that she "had due notice of the proceedings to revive the action of divorce referred to in said petition, and that the order of November 20, 1914, referred to in said petition, was made after due notice of the application therefor had been served upon said petitioner Sophie Wiechers."

[1] Appellant contends that the Ohio court was without jurisdiction to vacate the judgment of dismissal, because notice of the motion to vacate was not served on her. Respondent answers that such service of notice was not required, because the defendant had not appeared in the action and was in default. [2] Admittedly, there is no showing as to the Ohio law concerning the service of papers after a default has been entered, and therefore it must be presumed that the laws of that state relating to such service are the same as those of California. Section 650 of the Code of Civil Procedure provides: "No bill of exceptions, notice of appeal, or notice or paper, other than amendments to the pleadings or an amended pleading, need be served upon any party whose default has been duly entered, or who has not appeared in the action or proceeding." Section 1014 provides: "After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But

where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail.'' In *Title Insurance etc. Co.* v. *King etc. Co.*, 162 Cal. 44, 46 [120 Pac. 1066, 1067], is is said: ''A default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. A defendant against whom a default is entered 'is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action.' (6 Ency. of Plead. and Pract., p. 126.) He cannot thereafter, nor until such default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings. (6 Ency. of Plead. and Prac., p. 127.) 'A default confesses all the material facts in the complaint.' (*Rowe* v. *Cable M. W. Co.*, 10 Cal. 441.)'' Of course, ''where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default.'' (*Cole* v. *Roebling Construction Co.*, 156 Cal. 443, 446 [105 Pac. 255].) The necessity of service of such an amendment is recognized by the provisions of section 650 herein quoted. It is unnecessary, however, to decide whether, in a case such as the one under consideration, a defaulting defendant is entitled to notice, because the order from which the appeal is taken must be affirmed on other grounds.

[3] It is a disputable presumption ''that a court or judge, acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction.'' (Code Civ. Proc., sec. 1963, subd. 16.) In *Collins* v. *Maude,* 144 Cal. 289, 293 [77 Pac. 945, 946], it is said: ''The burden of showing want of jurisdiction in the St. Louis court was on the defendant, and in view of the presumptions which are indulged in support of judgments of courts of record, this burden requires clear and convincing proof of such want of jurisdiction.'' ''Long lapses of time greatly strengthen the presumptions in favor of the validity of judgments.'' (34 C. J. 541.) ''Where the record is silent as to what was done, it will be presumed in

favor of the judgment that what ought to have been done was not only done, but rightly done." (*Couch* v. *H. L. Miller & Co.,* 169 Cal. 341, 344 [146 Pac. 880; 881].) "The presumption is the same where service has been made by publication as where personal service has been had." (*McHatton* v. *Rhodes,* 143 Cal. 275, 279 [101 Am. St. Rep., 125, 76 Pac. 1036].) The presumption in favor of validity applies to an order vacating the dismissal of an action. (*Galletta* v. *Justice Court of San Francisco,* 73 Cal. App. 95 [238 Pac. 133].)

The record in the divorce action is silent upon the question whether the defendant therein is served with notice of the motion to vacate the order of dismissal. The only testimony having any possible bearing upon the question is that of the petitioner as follows: "My residence is Buffalo, New York. . . . I have resided in Buffalo, New York, practically all my life, except when I was traveling with Mr. Wiechers, . . . He was my husband. He became such on June 24, 1903, in Cleveland, Ohio. . . . Q. How long did you continue to live with your husband after this marriage? A. Until—I think it was 1909—1908 or 1909; we lived in Cincinnati and then I came home to visit my mother. Witness never obtained a divorce from deceased. Deceased never obtained a divorce from witness to her knowledge. No papers were ever served upon the witness in any action for divorce. . . . Q. You did not go back to Cincinnati? A. No. After I came home Mr. Wiechers was not in Cincinnati long."

The evidence shows that under the statutes of Ohio the terms of the court in which the divorce action was tried began on the first Mondays of January, April, July and October of each year; that an action may be dismissed "by the court, when the plaintiff fails to appear on the trial"; that, among other grounds, the court may "vacate or modify its own judgment or order, after the term at which it was made, . . . for mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order"; that "proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action"; that proceedings to vacate or modify a judgment or order for mistake, neglect

or omission of the clerk, or irregularity in obtaining the judgment or order "must be commenced within three years"; that the clerk's record of an action "shall be made up from the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court"; and that "a complete record shall not be made . . . when an action has been dismissed without prejudice to a future action," unless the clerk be "paid therefor by the party questioning it."

[4] Appellant contends that the court lost jurisdiction of the divorce action by the dismissal thereof and could reacquire jurisdiction only by service upon defendant of some character of process issued by the court in the proceeding, and not by service of the plaintiff's mere notice of the motion to vacate the order of ·dismissal. In support of this contention appellant cites *Bank of Montpelier* v. *Mullen,* 7 Ohio N. P. (N. S.) 313, 331, where it is said: "We will end by briefly setting out what seems to us to be the successive steps when vacation of a judgment is sought by defendant after the term, for any reason other than those embraced in the first three sections of Section 5354, Revised Statutes: First, the filing of a petition, containing an averment of a ground for vacation, and allegations suggesting a valid defense. . . . Summons should issue for the plaintiff to meet this application," etc. But the ground upon which the dismissal was set aside in this case is embraced in the third "section of section 5354," and therefore is excluded from the operation of the rule stated in the case cited; besides, the Ohio statute quoted provides that in such a case application for relief "shall be by motion, upon reasonable notice to the adverse party." [5] It is not generally true that a court loses jurisdiction for all purposes by entry of judgment in an action, but jurisdiction for certain purposes is reserved by statute, among such being that of setting a judgment aside for mistake. [6] From the evidence introduced, it appears that the Ohio procedure for the setting aside of judgments on the ground of mistake is similar to that provided by section 473 of the Code of Civil Procedure of this state, but the time within which application for relief may be made is longer there than here. It would not be contended that service

of notice by a party of his motion for relief under section 473 is not sufficient to give a court jurisdiction to vacate a judgment on one of the grounds stated in that section. The evidence is not such as to compel the inference that the defendant in the divorce action was not a resident of Ohio from the time the action was dismissed until the order of dismissal was vacated. Her testimony to the effect that she had resided in New York "practically all" her life does not necessarily show that she did not reside in Ohio during part of her life, and the natural inference is that she lived with her husband for a considerable period in Ohio. She then went to the state of New York, but the evidence fails to show whether she thereafter continuously resided in that state. The evidence does not show what constitutes a service of notice under the statutes of Ohio. Presuming that such statutes are the same as those of California, and the evidence not showing that the defendant in the divorce action was not a resident of Ohio in the year 1914, the defendant may have been duly served with notice of motion by mail as provided by sections 1010 to 1013 of the Code of Civil Procedure. "In case of service by mail, the notice or other paper must be deposited in the postoffice, in a sealed envelope, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit." (Code Civ. Proc., sec. 1013.) Proof of such service may be made by affidavit. (Code Civ. Proc., sec. 415.) Such proof of service would be no part of the clerk's record under the quoted provisions of the Ohio statutes and the appellant produced no evidence other than the clerk's record of the proceedings in the divorce action. In view of all the circumstances, it cannot be said that petitioner's mere statement that "no papers were ever served upon" her "in any action for divorce" is such "clear and convincing proof" as to require a finding, contrary to the presumption in favor of jurisdiction, that no legal service of notice of the motion was made upon her. [7] The presumptions declared by the provisions of section 1963 of the Code of Civil Procedure, "While disputable, are in themselves evidence . . . and will support a finding made in accordance with them, even though there be evidence to the contrary." (*People* v. *Siemsen*, 153 Cal. 387, 390 [95 Pac. 863, 865].)

[8] Appellant contends that "the record in the case shows affirmatively that the sufficiency of the plaintiff's cause of action was not determined on its merit before the order of dismissal was set aside. The evidence shows that the statutes of Ohio provide that "a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action." In *Braden* v. *Hoffman,* 40 Ohio St. 639, 641 [22 N. E. 930, 931], it is said that the object of these provisions "is to preserve the liens and rights of parties under the original judgment, in case a similar judgment should be rendered upon the trial of the cause; . . . that when the court has decided that there is good ground to vacate, the judgment to vacate should be suspended until after the cause is tried." Jurisdiction to hear and determine the motion to vacate was acquired by service of notice upon the defendant in the action. If it was error to vacate the order of dismissal prior to the trial of the action, it was an error of procedure clearly within the jurisdiction so acquired. The Ohio cases relied upon by appellant were decided upon direct appeals where the court was not limited to the question of jurisdiction. It is at least doubtful whether the alleged error would have entitled the defendant to a reversal on a direct appeal. The Ohio statutes provide: "In every stage of an action the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect." It does not appear in what manner the rights of the defendant in the action could have been affected by the entry of the order vacating the dismissal prior to the trial of the action rather than after the cause was tried.

It is urged that the court erred in admitting evidence to the effect that, some years after the entry of the decree of divorce, the petitioner inquired of a Catholic priest whether, if she procured a divorce, she could marry a certain man who was a Catholic. While respondent makes no attempt to justify the admission of such evidence, it does not appear that the appellant could have suffered any prejudice from its admission. It had no possible bearing upon the question

of jurisdiction, the only issue before the court for determination, and the court could not have given it any weight in determining that question.

The order is affirmed.

Richards, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.