[Civ. No. 6026. First Appellate District, Division One.—December 31, 1927.]

A. GALLETTA, Appellant, v. FELIX LEHMAN et al., Respondents.

H. Silkerman for Appellant.

M. H. Hernan for Respondents.

KNIGHT, J.—Defendants' demurrer to plaintiff's second amended complaint was sustained without leave to amend. Judgment in defendants' favor was entered accordingly and plaintiff appeals.

The action purports to be one for an injunction and for damages. The complaint contains four counts which are loosely drawn, but it may be gleaned therefrom that by the first cause of action, plaintiff seeks to enjoin the defendants from serving or causing to be served any executions issued or to be issued against plaintiff pursuant to a justice's court judgment theretofore obtained by the defendant Lehman against plaintiff; and the remaining causes of action are for the recovery of damages which plaintiff claims to have suffered as a result of being temporarily deprived of the use of a truck levied upon under certain executions previously issued pursuant to said justice's court judgment; also for exemplary damages based upon the

ground that in making said levies "defendants were guilty of oppression and malice."

From an examination of the entire complaint it becomes obvious that each of the causes of action attempted to be stated is grounded upon the assumption that said justice's court judgment is void, and therefore each constitutes a collateral attack thereon; furthermore, the question of the validity of said justice's court judgment was directly assailed by plaintiff in a proceeding in *mandamus* instituted by him in this court to compel the justice's court to recall and quash one of the executions issued thereunder (*Galletta v. Justice's Court*, 73 Cal. App. 95 [238 Pac. 133]), and it was held that the judgment was not void and for that reason this court refused to grant the writ directing that the execution be recalled. The foregoing decision was rendered prior to the hearing of the demurrer herein, and it is apparent therefrom that the causes of action attempted to be pleaded by plaintiff in this action were groundless. The trial court was therefore justified in sustaining the demurrer without leave to amend.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.