Antonio Rivera, Plaintiff and Appellee, v. Juan J. de Arce, Defendant and Appellant.

No. 7768.    Argued April 27, 1939.—Decided May 12, 1939.

A. García Veve for appellant.    F. González Fagundo for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On March 1, 1938, Antonio Rivera brought suit against Juan J. de Arce in the District Court of Humacao, requesting to be put again in possession "of the property described in this complaint." His right of action was based on the following facts:

"1. That plaintiff Antonio Rivera was, within the year prior to the filing of this complaint, in actual possession of the following property:

" 'Rural property of three cuerdas abutting on the North and East with Valentín de Arce, and on the West and South with Sixto Antonio Rivera.'

"2. That from the year 1906 the said property has been in the actual possession of Gregorio Brignoni, thereafter of Sixto Antonio Rivera and within the year prior to the filing of this complaint, in the possession of Antonio Rivera.

"3. That on or about August 12, 1937, defendant Juan J. de Arce entered into the property described in paragraph one of this complaint, and threatened several persons who were in charge of said

property, and on August 20, 1937, he entered again and fenced it, taking actual possession of the property, which he has still and refuses to deliver it to the plaintiff.''

On March 3, 1938, acting under the special statute provided for these cases—Act No. 43 of May 13, 1913—Laws of that year, page 84—fixed the 18th of March, 1938, for the hearing, and ordered the defendant to be served eight days before said hearing.

When the case was called for trial on the day set therefor, only the plaintiff appeared. Evidence was introduced and the court withheld its judgment until five days later when it was rendered sustaining the complaint. In its judgment the court described the property in controversy as follows:

"RURAL property of 3 *cuerdas* abutting on the North and East with Valentín Arce, and on the West and South with Sixto Antonio Rivera; located in the ward of Puerto Real, Vieques.''

Feeling aggrieved, the defendant appealed. He maintains that the trial court did not acquire jurisdiction because the service on the defendant is null and void, and further maintains that the complaint does not state facts sufficient to vest the court with jurisdiction and base a judgment on it, because the property is not described therein in such a way that it can be identified.

■ The want of facts is so clear that we need not enter into a close examination of the service. The complaint does not state where the property is located.

In the case of *Matanzo* v. *Vizcarrondo*, 30 P.R.R. 262, this court, through Mr. Justice Aldrey, spoke thus:

"In order that the allegations of a complaint in a summary proceeding to recover the possession of real property may be sufficient to show a cause of action it is necessary that a description be given of the piece of land of which the plaintiff has been dispossessed by the defendant so that a judgment may be rendered accordingly and be executed by the officer of the court. Without such a description the said officer can not identify the parcel of land to be restored to

the possession of the plaintiff. *Del Valle* v. *Rivera,* 23 P.R.R. 587; *Mejía et al.* v. *Suárez et al.,* 27 P.R.R. 292. Such a description is also necessary in order that the defendant may know what he has to defend against, for although the property involved in this case is small and it is alleged that because the land sued for is covered by the house which he was building the defendant must know what parcel of land the plaintiff refers to, nevertheless the rule should be the same as if the property involved was a large property and the act was not the building of a house.''

And in the case of *Rodríguez* v. *Colón,* 44 P.R.R. 458, 459, the holding *supra* was affirmed, so that it has been definitely decided by this court that a petition in injunction to recover possession that, like the one at bar, does not describe the property in such a way as to know its location and can be identified when the judgment rendered is to be executed, does not state facts sufficient to constitute a cause of action, and can not, therefore, serve as basis to a valid judgment.

■ The appellant admits that the description of the property in the complaint is insufficient, but argues that the evidence cured what was lacking and that the court was put in a position to render, as it did render, its judgment correctly describing the property. He cites the following cases to support his contention. *People* v. *Heirs of Valdés,* 31 P.R.R. 213; *Heirs of Franceschi* v. *González,* 42 P.R.R. 901.

If we were not dealing with a judgment by default and the defendant had allowed the introduction of the evidence to which the appellee refers, he would be correct in his contention because then the complaint could be considered as having been amended and the defect cured by the evidence. But as this is a default judgment, and as the consent of the defendant can not be said to have been given, the defect still exists, and the judgment based on that insufficient allegation necessarily falls of its own weight for want of one of the essential and indispensable requisites to render it.

The Supreme Court of Illinois, in the case of *Roe* v. *Cook County,* 358 Ill. 568, 193 N. E. 472, held that: ''Default judg-

ment will be reversed where declaration states no cause of action."

The Court of Civil Appeals of Texas spoke similarly in the case of *Morgan* v. *Davis* (Tex. Civ. App.) 292 S. W. 610. It said: "To sustain a judgment by default, petition must set forth cause of action with substantial accuracy and with sufficient certainty to inform court of judgment to render without looking for proof not within the allegations."

"If complaint is amended in matter of substance, it must be served on a defaulting defendant", held the Supreme Court of California in *In Re Wiecher's Estate,* 199 Cal. 523, 250 P. 397.

And this very court, in the case of *Miranda* v. *Pesquera,* 43 P.R.R. 42, propounded the following doctrine:

"A complaint in an action to recover compensation of an attorney which fails to allege that the services on which the claim is based were rendered at the request of the defendant, is insufficient to support a judgment entered on defendant's default, unless that pleading is amended so as to include such allegation and the defendant is notified of the amended pleading and given an opportunity to plead. If this is not done, and the proof is heard after the default, the defect is not cured by the evidence nor can the complaint be regarded as amended."

By reason of what has been stated, the judgment appealed from must be reversed and another one rendered dismissing the complaint, with costs.