[S. F. No. 6112.   Department One.—March 9, 1914.]

## C. E. KINARD, Respondent, v. W. H. JORDAN et al., Defendants; F. A. HUNTINGTON, Defendant and Appellant.

LAW OF CASE—CONSTRUCTION OF COMPLAINT ON FORMER APPEAL—SUBSEQUENT JUDGMENT BY DEFAULT.—The decision of the district court of appeal on a former appeal in this case (10 Cal. App. 219), reversing a judgment of dismissal entered upon sustaining a demurrer to the complaint, became the law of the case as to the character of the case made by the complaint there construed, and as to the insufficiency of such complaint to state a cause of action for the recovery of the value of the shares of stock involved in the action, for want of an averment therein of the actual value of such shares; and upon the return of the case to the lower court, that court was not warranted in entering a judgment by default upon such complaint against the present appellant for the value of such shares, and which in other respects departed from a proper construction of the complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Nowlin & Fassett, and Crittenden Thornton, for Appellant.

C. E. Kinard, *in pro. per.,* for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant F. A. Huntington from a default judgment given against him in an action in equity brought against him and numerous other defendants.

There was a former appeal in this case. The trial court had sustained a demurrer interposed to an amended complaint by all the defendants as to all of the defendants except Huntington, and had overruled such demurrer as to Huntington, with directions to plaintiff to file a new engrossed and amended complaint against him alone. Plaintiff did not file such new complaint, and the trial court then dismissed the action as to all of the defendants. An appeal was then taken by plaintiff to this court, and the case was transferred to the district court of appeal of the first district for determination. A decision was rendered on such appeal on March 11, 1909, reversing the judgment of the superior court. (*Kinard* v. *Jordan*, 10 Cal. App. 219, [101 Pac. 696].) An application for a hearing in this court was denied. Substantially it was held that the amended complaint, which is full of redundant matter and in many respects unintelligible, sufficiently stated, as against the demurrer interposed, a cause of action against Huntington to enforce specific performance of his agreement to transfer to plaintiff, as assignee of one Charles Bell, one hundred and twenty-five thousand shares of the capital stock of the Socrates Consolidated Mining Company; and as regards the other defendants, to whom all of the stock had been issued by said company and in whose name it stood, to have it adjudged that their ownership of the shares of stock issued to them is subject to a constructive trust in favor of plaintiff to the extent of his claim against Huntington. It was expressly held that the amended complaint did not allege the actual value of the stock, but such allegation was not deemed essential in the statement of such a cause of action. It was said that if this were an action to recover the value of the shares, it would be necessary to allege the actual value thereof. As to any further statement as to the matters alleged in the complaint, and the relief demanded thereby, we refer to the opinion of the district court of appeal on the former appeal.

Apparently no change in or amendment to the amended complaint was made after the determination of the former appeal. The default of the defendant Huntington for not answering the same was entered in the lower court. The record here consists only of the amended complaint, the judgment, and the notice of appeal. From the recitals of the

judgment, it appears that the action came on for trial "upon the amended complaint of the plaintiff taken as confessed by the defendant Frank A. Huntington, whose default for not appearing or answering . . . had been duly entered." It further recites that evidence was introduced by "the plaintiff C. E. Kinard," and the case submitted. The judgment proceeds:

"Now, therefore, by reason of law and the evidence it is hereby ordered, adjudged and decreed that under the provisions and meaning of the contract of the twelfth day of April, 1900, signed by the defendant, Frank A. Huntington, that plaintiff, C. E. Kinard, recover from the said defendant, Frank A. Huntington, or his assigns, successors and trustees, the amount of one hundred and twenty-five thousand shares of the capital stock of the 'Socrates Consolidated Mining Company,' or its equivalent, at the par value of one hundred and twenty-five thousand dollars.

"And the said F. A. Huntington having confessed to all the averments in the amended complaint of the plaintiff, C. E. Kinard, that he had transferred all the several amounts set opposite the names of the remaining defendants above named.

"Now therefore it is hereby ordered, adjudged and decreed that the said defendants turn over to this court the amount of the said capital stock in the possession or under their control received from the said Frank A. Huntington, or through other trustees of the said defendant, Frank A. Huntington, on his account.

"It is further ordered, adjudged and decreed that the plaintiff have his costs."

As we have said, the appeal is by Huntington alone.

There having been no change made in the amended complaint, what was said by the district court of appeal on the former appeal. as to the character of case made by the amended complaint, constitutes, of course, the law of this case, and it is also settled by that decision that the actual value of the shares of stock was not alleged and that such complaint would be fatally defective as one for the recovery of the value of such shares. It was on this theory alone that the conclusion was reached that the demurrer was improperly sustained. It is clear, under these circumstances, that there was no warrant in the amended complaint for the adjudication that

plaintiff recover from Huntington or his assigns, etc., the "equivalent" of one hundred and twenty-five thousand shares of the capital stock of the Socrates Mining Company "at the par value of one hundred and twenty-five thousand dollars." The meaning of this provision is not entirely clear, but it was obviously intended as a provision for the recovery of one hundred and twenty-five thousand dollars in money, in lieu of the stock. If this cannot be held to be its intended meaning, it is too indefinite and too uncertain to have any force whatever. As we have suggested, in view of the amended complaint and the decision on the former appeal, no recovery of the value of the shares was warranted on such complaint. Nor, in view of the decision on the former appeal and the facts we have stated, was the action one for the recovery of stock in the possession of Huntington. The complaint affirmatively shows that all of the stock sought to be subjected to the claim of plaintiff was in the possession and names of the defendants other than Huntington, to whom it had been issued and by whom it was held, and the action was one to subject this specific stock to plaintiff's claim under his assignor's contract with Huntington. The provision of the judgment "that plaintiff C. E. Kinard, recover from the said defendant, Frank A. Huntington, *or* his assigns, successors and trustees, the amount of one hundred and twenty-five thousand shares of the capital stock of the Socrates Consolidated Mining Company," was without warrant in so far as Huntington is concerned, in view of the allegations of the amended complaint upon which it is based. This provision of the judgment is also fatally uncertain in that it is in the alternative in so far as the person or persons against whom it runs are concerned. The recovery adjudged of stock, "or its equivalent at the par value of one hundred and twenty-five thousand dollars" is "'from the said defendant Frank A. Huntington, or his assigns, successors and trustees.'" We thus have what in effect includes a money judgment running against Huntington *or* his assigns, successors and trustees, the same being, as shown by other portions of the judgment, the remaining defendants named in the title of the action as the same is set forth at the beginning of the judgment. Huntington was entitled, nowithstanding his default, to have the judgment

against him specifically and with certainty determine his own liability in this regard, and this manifestly it does not do.

We think with counsel for appellant that the judgment shows upon its face that it was based solely upon the default of Huntington, and that the relief awarded thereby against the other defendants is therefore entirely unwarranted. But as such defendants have not appealed, that question is immaterial here. It may be noted that it is said in appellant's brief and not denied in plaintiff's brief, that the judgment against the defendants other than Huntington has been set aside by the lower court with the consent of plaintiff.

We think that it is due the learned judge of the trial court to say that it is substantially stated in appellant's brief, and not denied in respondent's brief, that the learned judge stated in open court that he had signed this judgment under a misapprehension of its provisions, induced by misrepresentations willfully or inadvertently made by . plaintiff, and that he would set the judgment aside were it not that he deemed himself powerless to act in the matter, in view of the fact that an appeal had been taken.

The judgment against defendant Huntington is reversed.

Shaw, J., and Sloss, J., concurred.