[Civ. No. 8289. Second Appellate District, Division Two.—April 11, 1932.]

J. L. KRULY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Mores & Shoop and George R. Maury for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, Acting P. J.—In an action commenced in the Superior Court of Los Angeles County against the petitioners herein, as defendants, the plaintiff, pursuant to all preliminary proceedings the regularity of which is not in question, introduced his evidence and rested. Some years thereafter the same was reset, whereupon the said defend-

ants moved to dismiss the action upon the ground that section 583 of the Code of Civil Procedure constituted a mandatory legislative cessation of the cause of action. Said section recites, in part: " . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is *brought to trial* within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the same may be extended. . . . "

■ The petitioners erroneously interpret numerous decisions requiring the dismissal of actions under the foregoing provisions which had been set for trial but had not been "brought to trial", as determinative of the question here presented. In *Hoopes* v. *Superior Court*, 71 Cal. App. 564 [235 Pac. 739], quoting from *Boyd* v. *Southern Pac. Co.*, 185 Cal. 344 [197 Pac. 58], it was said: " 'The trial of an action and the setting of it for trial are quite distinct things, and an action is certainly not brought to trial until the trial is commenced.' " It is not denied that as distinguished from those cases, the instant case was in fact brought to trial. It is conceded that the trial was commenced, and for aught that may be made to appear by the record before us, was concluded with the exception of final submission. The section invoked by the petitioners does not require a dismissal notwithstanding such action is brought to trial within the time therein specified, nor during suspension of proceedings after the same shall have been brought to trial. Its language is clear in this respect, and is conclusive.

The alternative writ is discharged and the peremptory writ of *mandamus* is denied.

Thompson (Ira F.), J., and Fricke, J., *pro tem.*, concurred.