[Civ. No. 8246.   First Appellate District, Division Two.—April 21, 1932.]

WILLIAM R. ELAM, Appellant, v. ROSALIO ARZAGA, Respondent.

William R. Elam, *in pro. per.*, and Hugh L. Dickson for Appellant.

H. M. Dalton for Respondent.

SPENCE, J.—In this action in ejectment and to quiet title defendant had judgment, from which judgment and the order denying plaintiff's motion under sections 663 and 663a of the Code of Civil Procedure plaintiff appeals.

The background of this litigation is found in the dealings of plaintiff, an attorney at law, with certain Mexicans who had little ability to understand the English language and had little or no ability to understand the significance of the documents and proceedings to which reference is hereinafter made. One Lopez loaned the sum of $65 to one Tapia. When the loan was made to Tapia, defendant Arzaga orally agreed to pay Lopez if Tapia did not do so. The money was not repaid and Lopez consulted plaintiff, who had his office with the Universal Adjustment Company, a collection agency. It appears, as found by the trial court, that plaintiff and G. C. Dilsaver were partners conducting said collection agency, although plaintiff testified, when asked if he was a partner, that he did not know

whether he was or not; that he was "at one time or was supposed to be". Lopez signed a rather unusual document which appears to be the form used by the Universal Adjustment Company. We will assume, as contended by appellant and as found by the trial court, that the instrument constituted an assignment of Lopez' claim to the Universal Adjustment Company for the purpose of collection. By this instrument Lopez agreed to pay to the collection agency a commission on the amount collected. An action was filed in the justice court in the name of Mary Dilsaver, doing business under the name of Universal Adjustment Company, as plaintiff, against both Tapia and this defendant. Said Mary Dilsaver was the wife of said G. C. Dilsaver. Prior to the commencement of the action and shortly thereafter plaintiff collected from Lopez a total of $30 to defray costs in the action. Both defendants named in the justice court action defaulted and on June 15, 1925, judgment was entered against them. Thereafter execution was issued and without any actual notice to defendant herein or to Lopez, the real property of defendant involved herein, having two houses thereon together with certain property of Tapia, was advertised for sale by the constable. Plaintiff appeared at the constable's sale on September 30, 1925, and bid in all of said property in the name of Mary Dilsaver, the nominal plaintiff in the justice court action, for the sum of $99.37. Lopez repeatedly called to see plaintiff regarding the progress of his claim, but received no money and was given discouraging reports concerning the prospects. One of his visits occurred on September 29, 1926, being within twenty-four hours of the expiration of the year of redemption upon the sale on execution. Lopez testified that plaintiff had never told him that the Arzaga property had been sold on execution to Mary Dilsaver, the nominal plaintiff in the justice court action, or that Lopez had any interest therein, but on the visit mentioned plaintiff told Lopez "he was not sure whether they would get anything". Without full knowledge of the proceedings, Lopez, while in need of funds to pay on an installment contract, and while discouraged by the reports which had been given him, agreed to accept $50 from plaintiff for the justice court judgment. Plaintiff herein did not pay the money at that

time, but made out a promissory note for $50 payable in installments of $10 per month. No written assignment of the judgment was executed and plaintiff did not deliver the promissory note at that or any other time, but retained the same in his own possession. The first payment on the note was made some days later and the last payment was not made until April 13, 1927, being some time after the commencement of the present action on March 18, 1927. In the meantime, the year for redemption expired on the day following the execution by plaintiff of the $50 note, and thereafter the marshal's deed to Mary Dilsaver (the marshal being the successor to the constable) was executed and recorded. In February, 1927, said Mary Dilsaver executed a deed to plaintiff herein purporting to convey to the plaintiff the property involved on the execution sale and plaintiff thereupon demanded that defendant Arzaga pay rent or vacate the premises. Defendant refused to do either and this action was commenced. Defendant then employed counsel, who consulted with Lopez and advised Lopez of the entire proceedings. As a result Lopez, in consideration of the payment of $45 by defendant Arzaga, executed a quitclaim deed to the premises in favor of defendant Arzaga. Thereafter plaintiff herein, with knowledge of the last-mentioned quitclaim deed from Lopez to defendant Arzaga, induced Lopez, without any consideration, to execute a quitclaim deed to the premises in plaintiff's favor. Defendant Arzaga filed an answer and cross-complaint in the present action fully setting forth all of the material facts above referred to and the trial court made findings and entered judgment in his favor.

Appellant has submitted a brief of over one hundred pages attacking the judgment in various ways, but we do not deem it necessary to give extended consideration to each of the various points raised. Appellant claims title to the property through the purported purchase of the justice court judgment from Lopez and through the deed from Mary Dilsaver, the nominal plaintiff in the justice court action and the nominal purchaser at the constable's sale. It is appellant's contention that title was thereby vested in appellant and that Lopez had no interest in the property to convey at the time he executed the quitclaim

deed to respondent. It is apparently conceded, however, that whatever interest Lopez may have had at the time of the execution of the said quitclaim deed was thereby conveyed to respondent, and of course the subsequent quitclaim deed obtained by appellant from Lopez could not serve to strengthen appellant's claim of title as against respondent.

It becomes important to consider the relationship between Lopez and the parties connected with the collection agency arising out .of his original transaction with said agency. We will assume, as contended by appellant, that the original instrument signed by Lopez constituted a valid assignment of his claim for the purpose of collection. ■ The agency could prosecute the justice court action in its own name as the holder of the legal title to the claim, but the equitable interest remained in Lopez. (*Kelley* v. *Hampton,* 22 Cal. App. 68 [133 Pac. 339] ; *Greig* v. *Riordan,* 99 Cal. 316 [33 Pac. 913].) Upon assignment for the purpose of collection the assignee has been referred to as the trustee or agent of the assignor. (*Toby* v. *Oregon Pacific R. R. Co.,* 98 Cal. 490, at page 497 [33 Pac. 550].) Whether regarded as the agent or the trustee of the assignor the obligations of the assignee are practically the same. (Civ. Code, sec. 2322; *Darrow* v. *Klein,* 111 Cal. App. 310 [295 Pac. 566].) ■ Appellant insists that he was not the attorney for Lopez, but was attorney for the collection agency. In our opinion this is immaterial. A fiduciary relationship existed between Lopez and all those connected with the collection agency in the prosecution of the claim and appellant and his associates were under obligation to act in the highest good faith by reason of such relationship. They could not obtain any advantage by the slightest misrepresentation or concealment (Civ. Code, sec. 2228) ; nor could they take part in any transaction in connection with the justice court action in their own interest and for their own benefit without the consent of Lopez after full knowledge of the facts and of their motives. (Civ. Code, sec. 2230.) Furthermore, any transaction by which they or any of them obtained any advantage over Lopez is presumed to have been entered into without sufficient consideration. (Civ. Code, sec. 2235.)

With the foregoing principles in mind, we are of the opinion that the acts of Mary Dilsaver and all parties connected with the collection agency in the prosecution of the justice court action and purchase of the property at the constable's sale were acts done by them as agents or trustees for Lopez. It is quite apparent that the parties were intending to act for Lopez when Mary Dilsaver "purchased" the property at the constable's sale, for if it be claimed that Mary Dilsaver was attempting to act on her own behalf and not on behalf of Lopez in purchasing said property, no explanation is made of the failure to account to Lopez for the proceeds of the sale amounting to $99.37, which sum was ample to pay the judgment and costs. The trial court was entirely correct in finding and concluding that the justice court action was instituted "in the interest and for the benefit of" Lopez and that all proceedings in said action, including the purchase of the property at the constable's sale, were "taken on behalf of and in the interest of" the said Lopez. It follows that the naked legal title to the property acquired by Mary Dilsaver by virtue of the constable's sale and subsequently conveyed by her to appellant was held subject to the equitable interest of Lopez at all times unless the purported purchase of the justice court judgment by appellant from Lopez on September 29, 1926, constituted a valid transfer of the equitable interest of Lopez to appellant. We have no hesitancy in saying that in our opinion such purported purchase lacked all semblance of validity. Without disclosing to Lopez his motives or the fact that the property had been purchased at the constable's sale on behalf of Lopez or the fact that the time for redemption would expire the following day, appellant gave Lopez discouraging reports and attempted to take advantage of the concealment for his own benefit. No aid should be given by the courts to one who seeks to obtain the fruits of such an unconscionable transaction. The purported purchase by appellant was wholly ineffectual to transfer the equitable interest of Lopez to appellant and the trial court properly concluded that appellant acquired no right, title or interest in or to the property thereby. The trial court further properly concluded that respondent acquired all of the right, title and interest of Lopez by

virtue of the quitclaim deed from Lopez to respondent and that appellant acquired no right, title or interest by virtue of the subsequent quitclaim deed from Lopez to appellant.

Appellant's various attacks upon the judgment include claims that the evidence is insufficient to support the findings; that the findings do not support the judgment; that the trial court failed to make findings upon all issues raised; and that the findings are inconsistent and contradictory. We find no merit in these claims. An examination of the record convinces us that there was ample evidence to sustain the material findings; that these findings support the judgment; that findings were made upon all material issues; and that the findings are neither inconsistent nor contradictory.

The judgment and order appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.