[Civ. No. 8322. First Appellate District, Division One.—August 26, 1932.]

In the Matter of the Estate of LEON MORRISON, Deceased. ZYSLA BRUCHA GOLDBORTEN et al., Appellants, v. MAUD SCOTT, Respondent.

Livingston & Livingston for Appellants.

William J. Cullinan and Stanley Burke for Respondent.

R. E. Fitzgerald and Leo R. Friedman, as *Amici Curiae* on Behalf of Respondent.

JOHNSON, J., *pro tem.*—In this proceeding there are consolidated appeals from orders dismissing two petitions to revoke probate of the will of Leon Morrison, deceased, one filed by persons describing themselves as sisters of the deceased, the other by persons declaring themselves to be nieces. The orders of dismissal were based on section 583 of the Code of Civil Procedure, under which, in the absence of a written stipulation for an extension of time, it is made the duty of the court to dismiss an action not brought to trial within five years after the filing of the answer.

Leon Morrison died on June 20, 1921, and after a contest by the state of California, an instrument dated January 12, 1921, purporting to be the will of the deceased, was admitted to probate on August 14, 1923. An appeal from the order was taken by the state, and on February 17, 1926, the *remittitur* from the Supreme Court was filed showing affirmance of the order. (*Estate of Morrison,* 198 Cal. 1 [242 Pac. 939].)

Meanwhile a petition by the alleged sisters of the deceased to revoke probate of the will was filed on October 23, 1923, and another petition by the alleged nieces on July 18, 1924. Answers to these petitions were filed respectively on March 16 and March 23, 1926, by the respondent, Maud Scott, as the proponent of the will. A date was then set for the trial of the contests; but as the time drew near, the contestants concluded that the evidence available to them would not suffice to overcome testimony in favor of the will given at the time of its admission by two witnesses, John W. McKenzie and Barney Hoffman. Accordingly a settlement was

arranged whereby the contestants received $2,000, and thereupon on June 16, 1926, dismissed their contests. A minute order to like effect was made by the court on the same day.

Thereafter, on July 8, 1926, McKenzie and Hoffman made a confession to the district attorney of Alameda County that the testimony given by them in support of the will had been false, and they stated that they had been procured to commit perjury by said Maud Scott and others acting in her behalf. These men, on being brought to trial on a charge of perjury, pleaded guilty and were sentenced to serve a term in the penitentiary.

Upon learning of these disclosures, the contestants on August 13, 1926, filed notice of motion to vacate the dismissals of their contests, and by order signed December 2, 1926, in fulfillment of a minute order made November 18, 1926, that motion was granted with authorization to the contestants to proceed in due course with the prosecution of their contests. A period of six months, lacking fourteen days, thus intervened between the dismissal of the contests on June 16th and their reinstatement on December 2, 1926. An appeal from the order of reinstatement was undertaken by Miss Scott, but was dismissed on July 1, 1929, on the ground that the order was not appealable. While that appeal was pending, efforts were made by the contestants to procure depositions of McKenzie and Hoffman and also of witnesses in Chicago, but delays ensued, due largely to continuances requested by attorneys for Miss Scott.

On motion of the contestants, the contests were finally set for trial for May 26, 1931; but on May 1st Miss Scott filed notice of motion to dismiss both contests. By reason of such motions, the trial of the contests was postponed by the court to August 5, 1931; and meanwhile on July 23d the court made its orders granting the motions on the sole ground that the contests had not been brought to trial within five years after the answers were filed. The time which elapsed between the earlier answer of Miss Scott and the date of the dismissals by the court was five years, four months and seven days.

From the orders of dismissal, the contestants prosecute these appeals.

In addition to the contests filed by the contestants as already mentioned, a petition to revoke probate of the will.

of said deceased was filed anew by the same contestants on January 7, 1927. Certain questions affecting the status of that petition are dealt with in the companion proceeding in prohibition of *Scott* v. *Superior Court,* (No. 8208) *post,* p. 513 [14 Pac. (2d) 99], in which our opinion is this day· filed.

Upon the present appeal there are two questions presented for consideration, one as to the applicability of section 583 of the Code of Civil Procedure to a contest to revoke probate of a will, the other as to the disallowance of credit in the computation of time for the interval of approximately six months during which the contests were suspended by virtue of the dismissals effected by concurrence of the parties. If this period of time is deductible, then the contests cannot be treated as having been at issue for five years before the dismissals in question.

While section 583 must necessarily have a limited application to probate proceedings in general, we are of the opinion that it may properly be extended to include a contest to revoke probate of a will.

Such a contest is an adversary proceeding, and in its essence is an action for recovery of property claimed to be unlawfully taken, or about to be taken, from the ownership of the contestant. He comes into court in the character of a possessor of a chose in action, founded on the violation of a vested property right by means of an instrument not truly testamentary; and, subject to certain qualifications, he is entitled to have the merits of his cause determined by a jury. (*Estate of Baker,* 170 Cal. 578, 586–588 [150 Pac. 989] ; *Estate of Clark,* 94 Cal. App. 453, 460, 461 [271 Pac. 542].) The trial of a will contest has the characteristics of a trial of an ordinary civil action involving title to property; and by section 1713 of the Code of Civil Procedure in force at the time of the orders of dismissal, it was prescribed that, except as otherwise specially provided, proceedings in probate should be governed by the rules of practice in civil actions.

In *People* v. *Central Pac. R. R. Co.,* 83 Cal. 393, 404 [23 Pac. 303, 307], the court, quoting from a law lexicon, defined practice as ''that which regulates the formal steps in an action or other judicial proceeding. It therefore deals with writs, summonses, pleadings, affidavits, notices, motions,

petitions, orders, trials, judgments, appeals, costs, and executions''.

Rules of practice are designed to establish the manner of bringing parties into court, and when they are there, prescribe the course to be followed by the parties and the court throughout the various stages of the litigation, in hearing, dealing with, and disposing of the matters in dispute. (49 C. J. 1312.) The purpose is to harmonize and facilitate the conduct of litigation; and since such rules deal with all phases of a case from its inception to final judgment, the time within which an action or proceeding shall either be brought to trial or dismissed as burdensome to an adversary and to the court as well, is a proper subject for an administrative formula in aid of a definite and uniform mode of procedure.

It is the policy of the law to expedite the administration of estates; and it would seem that the reasons which influenced the adoption of section 583 justify an interpretation of the word ''action'' sufficiently broad to include a proceeding such as the contest of a will.

The appellants rely with much confidence, however, on the ruling of the court in *Estate of Simmons,* 168 Cal. 390, 395 [143 Pac. 697], whereby section 581a of the Code of Civil Procedure, authorizing dismissal for failure to have summons issued in an action within one year, was held to be inapplicable to a will contest, wherein a year had been allowed to pass without issuance of a citation. The rationale of that decision is that as section 1328 of the Code of Civil Procedure, then in force, prescribed the period of one year for issuance of a citation, without annexing any penalty for the omission, the court was free to exercise its discretion in relieving the contestant from default and authorizing the issuance of a citation, notwithstanding the lapse of time. In other words, the court took the view that there was a probate rule which forbade application of the rule governing similar defaults in civil actions.

Appellants invoke also the decision in *Estate of Joseph,* 118 Cal. 660 [50 Pac. 768], rendered in 1897, wherein insistence was laid upon the distinction between an action and a special proceeding; and, by a strict interpretation of the word ''action'', the right to demand an undertaking from a nonresident plaintiff as security for costs was limited to

the defendant in a civil action only. By an amendment made in 1903, however, the benefit of the section was made available in special proceedings also.

While no sure guide to the extension of the rules of civil practice to proceedings in probate is furnished by the numerous decisions in this state on various points of probate procedure, it may at any rate be said with certainty that the use of the word "action" by itself in a code section is not controlling. This is illustrated in *Estate of Knauft,* 59 Cal. App. 536 [211 Pac. 29], where section 354 of the Code of Civil Procedure was made to toll the statute of limitations in behalf of an alien enemy who had instituted a will contest after expiration of the ordinary statutory period; and in the course of its opinion, in reference to a dismissal without prejudice, the court declared that it saw no reason why section 581 of the Code of Civil Procedure, subdivision 4, was not applicable to a proceeding in probate. A portion of that opinion is quoted with approval in *Estate of Cook,* 205 Cal. 581, 588 [271 Pac. 1083], and is followed by the statement of the Supreme Court that the pronouncement approved is authority that the rule governing dismissal of actions generally under section 581 is applicable to probate proceedings.

Since the orders under review were made, section 1713 of the Code of Civil Procedure has been reframed in section 1233 of the Probate Code; and with a view to clarification, that section now provides that the rules of civil practice shall be applicable to proceedings under the Probate Code "with regard to trials, new trials, appeals, records on appeal, and all other matters of procedure". In so far as trials are concerned, we do not interpret this section as enlarging the scope of former section 1713 of the Code of Civil Procedure; and to our minds section 583, depriving the court of jurisdiction to try an action when there has been a delay of five years, is, and always has been, as much a general rule, affecting actions and special proceedings alike, as a rule declaring when an action or special proceeding is at issue and ready for trial.

We are now brought to the second question, the elimination of the period of suspension intervening between the conventional dismissals on June 16, 1926, and the reinstatement of the contests by the court on December 2, 1926.

The respondent insists that the suspension had no effect whatever so far as section 583 is concerned, and relies on a statement of the court in *Miller & Lux, Inc.*, v. *Superior Court*, 192 Cal. 333, 338 [219 Pac. 1006], that nothing short of a written stipulation expressly extending the time of trial beyond the five-year period, or expressly waiving the right to a dismissal, will suffice to toll the running of the statutory time. The court was there reiterating the general rule in its relation to a stipulation in that particular case which was found insufficient to meet the requirements of the law. Attention was not then being centered upon a situation which temporarily deprived the trial court of jurisdiction to proceed with the trial of the action. If such a situation had been in the mind of the court, reference would doubtless have been made to *Kinard* v. *Jordan*, 175 Cal. 13 [164 Pac. 894, 895], where it was held that while an appeal was pending, the case was removed from the jurisdiction of the trial court and was necessarily exempt from the operation of section 583. Again, in *Allyne* v. *Superior Court*, 200 Cal. 661, 664 [254 Pac. 564], in dealing with the application of the section to the prosecution of an action after entry of an order granting a new trial, the court declared that the plain and obvious purpose of the section was to regulate the matter of compulsory dismissals only under one set of circumstances, namely, where the action had not been brought to trial within five years after filing of the answer, and that so far as a retrial was concerned, the section had no relevancy.

In *Kruly* v. *Superior Court*, 122 Cal. App. 458 [10 Pac. (2d) 178], several years intervened between the resting of the case after introduction of certain evidence and the resetting for trial. The trial court having denied a motion to dismiss under section 583, a writ of *mandamus* was applied for, but was denied upon the ground that suspension of proceedings after commencement of the trial did not set the statute in motion.

Situations are thus recognized which repel a strained construction of the statute.

No logical distinction can be made between a temporary suspension of proceedings in the trial court, consequent upon a dismissal induced by fraud or mistake, and a suspension of the power of the trial court to proceed by reason of the pendency of an appeal. In either case, the action or pro-

ceeding is withdrawn from the cognizance of the court of first instance during the period of suspension. And as in *Kinard* v. *Jordan, supra,* the case was taken out of the operation of section 583 while an appeal was pending, so in like manner the period of suspension here should be excluded in computing the quinquennium at the end of which the jurisdiction of the court expires by operation of law. In *Kinard* v. *Jordan, supra,* begun in March, 1906, there was a motion to dismiss the action, made in September, 1914, and based on that portion of section 583, which empowers the court in its discretion to dismiss an action, if not brought to trial within two years after filing of the answer. There had previously been a judgment for the plaintiff on the merits, but on appeal that judgment had been reversed in March, 1909. (*Kinard* v. *Jordan,* 10 Cal. App. 219 [101 Pac. 696].) Thereupon certain proceedings were had which resulted in another judgment in November, 1911, and another reversal on appeal therefrom in March, 1914. (*Kinard* v. *Jordan,* 167 Cal. 333 [139 Pac. 797].) Then came the motion to dismiss, which was granted, but upon appeal the order was reversed. In reversing the order, the Supreme Court, after referring to the judgment of November, 1911, said: "That judgment, however erroneous it may be, purported to determine the case. The aforesaid appeals taken therefrom suspended all power of the court below to proceed, and necessarily took the case out of the operation of section 583 while the appeals remained pending."

The respondent, in citing *Wolters* v. *Rossi,* 126 Cal. 644 [59 Pac. 143], and *Page* v. *Superior Court,* 76 Cal. 372 [18 Pac. 385], contends that the dismissals in question, being based upon a written request to the clerk by the attorneys of the contestants, did not suspend proceedings at all, but left the contests at all times pending.

But the dismissals in the cases cited were before the amendment made in 1897 to section 581 of the Code of Civil Procedure, authorizing dismissal by entry in the clerk's register upon written consent of the attorney of the party requesting dismissal. Consequently, those cases are no longer declaratory of the law on that point. (*Hopkins* v. *Superior Court,* 136 Cal. 552, 555 [69 Pac. 299].) Moreover, there does appear to have been a minute order of dismissal by the court.

It is contended further on behalf of respondent that the order vacating the dismissals had the effect of nullifying the intermission and placing the contests in the same situation in all respects as if there had been no dismissals at all. While the order of restoration brought the contests again under the jurisdiction of the court, it cannot be said that by its own fiat the court could create for itself a retroactive jurisdiction. When it is stated that upon the vacation of an order or judgment the case is restored to the previously existing status, that means that the parties are placed in their original situation for the purpose of litigating the matters in controversy. The restoration revives the right to enforce whatever claims or obligations existed at the commencement of the action, and makes them subject to future determination in due course. That is far from indulging a fiction that the case was in court for purposes of trial when it was not.

Thus the question is merely whether the time when the contests were out of court shall be counted. In *Kinard* v. *Jordan, supra,* the Supreme Court established the precedent of disregarding the time during which the jurisdiction of the trial court was suspended, thereby setting reality above artificiality; and in our judgment it is our duty, under the circumstances shown in the record before us, to follow that precedent.

The orders dismissing the petitions of said contestants to revoke probate of the will of said deceased are each reversed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1932.