BISHOP, J., Concurring.
I concur. I am not able to agree that a contract by which one obligates himself to hire an attorney to prosecute an action for the collection of a debt due another, if more peaceful methods fail, is not a contract to furnish legal services just because an assignment of the debt, solely for collection, intervenes. (See Elam v. Arzaga, [1932] 122 Cal. App. 742 [10 Pac. (2d) 805].) I am of the opinion, however, that accepting the *792 agreement as one to furnish legal services does not require the conclusion that it is invalid and unenforceable for that reason.
It is neither unlawful nor contrary to public policy in view of extant statutes. “Fundamentally it pertains to the law-making power to declare what contracts are against public policy.” (County of San Bernardino v. Creamery Co., [1930] 103 Cal. App. 367, 373 [284 Pac. 457, 459], quoting from 6 Cal. Jur. 109; see, also, Maryland Casualty Co. v. Fidelity etc. Co., [1925] 71 Cal. App. 492, 497 [236 Pac. 210].) The legislation which seems to me to deny the existence of a public policy contravened by the agreement in question, is embodied in the act defining and regulating collection agencies. (Stats. 1927, p. 822, referred to in the main opinion.) The practice of collection agencies in taking assignments of the claims entrusted to them for the purpose of bringing actions thereon is “common knowledge”. (Koepple v. Morrison, [1927] 84 Cal. App. 137 [257 Pac. 590].) The act respecting collection agencies was adopted, in the light of this common knowledge, at the same session of the legislature which incorporated The State Bar and made it a misdemeanor for anyone not an active member of the bar to practice law. Both acts have received attention at the hands of the legislature at each session subsequent to their passage. The overlapping of the collection agency field with that of the practice of law is recognized by the requirement of a license for an attorney engaged in the collection agency business, but exempting him from the provisions of the Collection Agency Act if his services are those rendered to clients in the usual course of professional practice. In the premises I find neither the statutory law nor public policy forbidding an agreement whereby one who makes it a business to collect claims engages to make the collection by suit if necessary. I agree with the remark in the majority opinion that if there is to be a change in the law it must come from the legislature.