[Civ. No. 9574. First Appellate District, Division One.—April 28, 1936.]

H. H. BECHTEL, Plaintiff and Respondent, v. MAE M. BAGLIETO, Appellant; BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Cross-Defendant and Respondent.

Robinson & Leland, Marcel E. Cerf, Henry Robinson and Herbert A. Leland for Appellant.

Keyes & Erskine and Louis Ferrari for Respondent.

THE COURT.—The above action was brought by an assignee of Bank of America National Trust & Savings Association, a corporation, formerly Bank of Italy, etc. (which will be hereinafter referred to as the bank), to collect a deficiency following the sale of certain property under a deed of trust.

On November 15, 1927, according to the testimony, Mae M. Baglieto (who will be hereinafter referred to as the defendant) was the owner of an apartment house in San Francisco. On that date she executed a note to the Bank of Italy for $45,000 and secured the same by a first deed of trust on the apartment house. Later a second deed of trust was executed to one Gardner to secure a note in the sum of $22,500. On September 4, 1931, Gardner agreed in writing to transfer this note to defendant in exchange for certain property in Santa Barbara County. He also agreed to pay defendant $500 and lend her $2,200, the latter sum to be secured by a second deed of trust on the apartment house. At this time, due to the nonpayment of interest and taxes, the bank loan was in default, and the bank recorded notice of breach and election to sell. Gardner not having performed his contract with defendant, the latter had various conferences with officers of the bank and, according to her testimony, these officers agreed to a new loan of $45,000, to follow the foreclosure of the old loan, the defendant to pay certain additional amounts covering interest and taxes and an attorney's fee of $200. At about this time defendant entered into an agree-

ment with one Grieb to exchange the apartment house for certain property owned by the latter. Grieb's agreement was made subject to the obtaining of the loan from the bank on the apartment house for $45,000, payable in monthly instalments, the payment of which he was to assume. According to the defendant the bank agreed to this; but in the meantime, Gardner, disregarding his agreement, proceeded to sell under his deed of trust. At this juncture the bank advised defendant that due to Gardner's action it would be necessary to proceed with the sale under its deed of trust, that this would have the effect of extinguishing Gardner's lien, and that it would thereupon carry out its agreement with the defendant by transferring the property to Grieb, and would accept his note and deed of trust in satisfaction of defendant's debt to the bank.

It was stipulated at the trial that one of the officers with whom defendant negotiated was empowered to act for the bank. Defendant testified that as part of this agreement she assigned to the bank the rents of the apartment house, and that, relying on the bank's promise, she made no further effort to finance the property or protect herself against a deficiency under the sale. Other declarations by the bank official, reasonably calculated to induce the belief that defendant's interest would be protected without further activity or effort on her part, were related.

The bank bid in the property at the sale under its deed of trust for less than the amount of defendant's debt. As stated, the present action was brought to collect this deficiency, and the above facts—which are not disputed by testimony—were relied upon by defendant as a defense and as ground for a claim for damages against the bank, it being testified that the value of the property was $90,000. (10 Cal. Jur., Evidence, sec. 278, p. 1023.)

We are satisfied that the above testimony, if believed by the jury, would have been sufficient to support the conclusion that defendant, relying upon the promises and statements of the bank officer, was lulled into a sense of security, and consequently failed to avail herself of all the possible means of saving her property both from the foreclosure by Gardner in violation of his contract and from that by the bank. The trial court, however, was of the opinion that the facts were not such as to constitute grounds for relief, and

directed a verdict in favor of the plaintiff for the amount of its claim. From the judgment entered thereon the defendant has appealed.

It appears to us that the above facts, if true, were sufficient to bring the case within the rule declared by the following decisions: *Sandfoss* v. *Jones,* 35 Cal. 481; *Webb* v. *Vercoe,* 201 Cal. 754 [258 Pac. 1099, 54 A. L. R. 1200]; *Bristol* v. *Hershey,* 7 Cal. App. 738 [95 Pac. 1040]; *Thomas* v. *Goodbread,* 78 Fla. 278 [82 So. 835]; and that relief in the form of a judgment for damages might properly have been given. (*Price* v. *Reeves,* 38 Cal. 457; *Flood* v. *Templeton,* 148 Cal. 374 [83 Pac. 148]; *Harris* v. *Hensley,* 83 Cal. App. 283 [256 Pac. 832]; *Penziner* v. *West American Finance Co.,* 133 Cal. App. 578 [24 Pac. (2d) 501].) Consequently the question was one for the jury.

 Respondent contends that the bank's promise, if any, was for the benefit of Grieb, who had no interest in the property, and that accordingly the defendant has no cause of action. As to this it will be sufficient to say that the promise was made to the defendant as well, and it was equally for her benefit.

It is also claimed that the above cases apply only to mortgage foreclosures. The principle obtains regardless of the form of the transaction.

 It is also urged that the facts relied upon by the defendant, if sufficient to sustain an independent action, were not such as to support an action by way of cross-complaint or counterclaim; but the following decision sustains defendant's claim in this respect: *Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474].

 Respondent also claims that there was no consideration for the alleged agreement in that the bank had under its deed of trust the right to collect the rents after default. Although defendant alleged an assignment as a consideration for the bank's promise, the gist of her complaint was deceit but for which she could and would have so acted as to prevent the loss of her property; nor are such cases within the statute of frauds. (*Webb* v. *Vercoe, supra.*)

 The further point is made that the title to the property was not in defendant but in one Levine; that no promise in writing was made by Grieb to the bank, and that his ability and willingness to perform were not shown.

In this connection it was testified that although the title stood in the name of Mrs. Levine (who was defendant's sister) the defendant was the owner of the property. As to Grieb, the bank's promises were not, according to the testimony, made upon the condition that a promise in writing to the bank be obtained from Grieb. As stated, he had agreed to do so; and, according to the defendant's testimony, the bank was satisfied with his promise, and there was some evidence of Grieb's ability and willingness to perform. Had the bank offered after the sale to carry out the agreement, a default by Grieb would have been a complete reply to defendant's present claim; but it appearing that it was satisfied with the promises made and had evinced a willingness to proceed without requiring more, we think it is not in a position now to say that more should have been done by the defendant.

 As to the further contention that Gardner enforced his trust deed resulting in a loss of defendant's interest in the property, there is evidence that Gardner proceeded in violation of his agreement with defendant, who testified that the bank official mentioned advised her not to take proceedings to prevent this sale, as a sale by the bank under its prior deed of trust would render ineffectual Gardner's attempt to get the title.

 Defendant offered to prove that her contract with Gardner was valid and enforceable, but upon objection by respondent that this was not pleaded, permission was refused. We think the fact immaterial as it appears that the bank by its sale acquired title to the property, and thus extinguished any interest acquired by Gardner, a result which was contemplated by the parties.

 Defendant questioned the right of respondent as assignee to maintain the action upon the ground that he was not a licensed collection agent under the act defining such agencies (Stats. 1927, p. 822; Deering's Gen. Laws, Supp. 1935, Act. 1460); and in this connection asked leave at the trial to plead this defense by amendment to her answer. Leave to amend was denied, and she complains of this ruling.

The offer of proof was that plaintiff was a person engaged in the business of collecting claims and seeking to make collection of claims on behalf of others. The statute excepted from its operation, however, persons employed on regular

wage or salary, as a credit man or other similar capacity, by any corporation not engaged in the business of a collection agency, and no offer was made to show that respondent was not acting in such capacity in this instance. Lawful conduct is presumed. (10 Cal. Jur., sec. 74, p. 764.)

An assignment for collection without consideration is sufficient to enable the assignee to recover notwithstanding the retention by the assignor of an equitable interest in the claim (*Hammel* v. *Superior Court,* 217 Cal. 5 [17 Pac. (2d) 101]), and the record discloses no abuse of discretion in the court's ruling.

Defendant on the whole case having adduced competent evidence sufficient, if true, to justify a verdict in her favor, the court's direction to the jury constituted error.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.