[Civ. No. 10459. First Appellate District, Division Two.—March 22, 1937.]

HARRY H. WEINER, etc., et al., Respondents, v. L. S. LUSCOMBE et al., Defendants; HELEN C. O'CON-NOR, Appellant.

Joseph F. O'Malley for Appellant.

W. H. Morrissey for Respondents.

STURTEVANT, J.—In an action to quiet title the trial court made findings of fact in favor of the plaintiffs and from the judgment entered Helen C. O'Connor, one of the defendants, has appealed.

Mrs. O'Connor states that heretofore Mr. and Mrs. Weiner were indebted to her in the sum of $700; that she employed D. Herndon, another of the defendants, to act as her attorney; and that he induced her to assign her claim to L. S. Luscombe, his secretary, another defendant, solely for collection. She also claims that the suit was brought in the municipal court of San Francisco in the name of Miss Luscombe, that the plaintiff was successful, and that later an abstract of the judgment was recorded in the office of the recorder in the county of San Mateo. Continuing, she asserts that without her knowledge or consent Mr. Herndon attempted to compromise her claim by accepting $100 in cash, a promissory note in the sum of $50, and a deed purporting to convey to her some lands in San Mateo County. She then asserts that Mr. Herndon, as her attorney, had no right to compromise her claim; that she assigned it to Miss Luscombe solely for collection, and that the latter held the claim and the judgment evidencing it solely as her trustee.

But the plaintiffs call to our attention the fact that the defendant did not plead those facts in her answer, did not offer to amend, and submitted the case on different issues. Those facts are true in part. She alleged she obtained a judgment against the plaintiffs and introduced in evidence the judgment in favor of Miss Luscombe. She took the stand and, without objection, she testified to the facts regarding her assignment to Miss Luscombe, and no witness contradicted her. While it would have been better practice if the defendant had pleaded the facts showing she was the owner and that Miss Luscombe was merely an assignee for collection, the facts came out during the trial and the trial court should have made findings thereon. (*Sun-Maid Raisin Growers* v. *Papazian*, 74 Cal. App. 231 [240 Pac. 47].) It found the fact to be that Miss Luscombe recovered a judgment, but it did not continue and find that she did so as the assignee of this defendant for collection. It found that this defendant did not recover a judgment against the plaintiffs. As we have shown above, she did recover a judgment in the name of Miss Luscombe and the latter was acting merely as her trusted agent. The finding last mentioned is not sustained by the evidence.

Over the objection of the defendant, the plaintiff introduced in evidence a contract signed by the plaintiffs and Mr. Herndon for the satisfaction of said judgment. That

document recites that on November 25, 1933, Miss Luscombe assigned the judgment "to Helen O'Connor, her attorney, D. Herndon". The meaning of those words does not appear. However, the document was merely a self-serving declaration of these plaintiffs and of Mr. Herndon, who was not, at the time of the trial, a party to the suit. No other evidence of such assignment was introduced. Therefore the finding of the court that such assignment was made was not supported by any evidence.

In the record there is evidence that the plaintiffs paid to Mr. Herndon $150, but there is no evidence that they have executed a deed to this defendant. As the action must go back for another trial, it is proper to say that from the uncontradicted evidence it appears this defendant placed in the hands of Mr. Herndon, as her attorney, a claim for collection and that he accepted the employment. As such agent it is clear he was authorized to collect said claim and these plaintiffs were within their rights in making payments to him. (Code Civ. Proc., sec. 283, subd. 2.) As to how he applied said payments, if any, the plaintiffs were not concerned. They were entitled to credits for payments made. The trial court made a finding that the above-mentioned judgment has been paid. The finding is too broad and is not sustained by the evidence, as only a part has been paid.

As Mr. Herndon was employed to collect this defendant's claim, it is clear he had power to receive payment of the whole or any part of the amount due. (Code Civ. Proc., sec. 283.) But it is statutory that he did not have power under his employment to satisfy said judgment for a sum less than that shown on its face without first obtaining the consent of his client. (Code Civ. Proc., sec. 283, subd. 2; *Preston* v. *Hill,* 50 Cal. 43 [19 Am. Rep. 647].)

The plaintiffs contend that the facts present a controversy between this defendant and her assignee, and that with that subject the plaintiffs are not interested. Continuing, they claim the said assignment passed the legal title and, in the absence of fraud or mistake, they are not concerned.

Prior to April 26, 1934, no payments had been made to anybody. But prior to that date the plaintiffs knew this defendant was the real party in interest and Mr. Weiner called on her and offered to make payments on the judgment. Mrs. O'Connor told him she would do nothing except through the advice of her attorney. Mr. Weiner then called on Mr.

Herndon, her attorney, paid him $100 down and later $50 in instalments and an executory contract to satisfy the judgment was executed by the plaintiffs and by Mr. Herndon. As shown above, that agreement recites that Mrs. O'Connor is the assignee of the judgment. That contract recited that a part of the consideration was a conveyance of certain real property by the plaintiffs to Mrs. O'Connor. It was stipulated during the argument that said conveyance was never executed. Giving due consideration to all of said facts, Miss Luscombe, as assignee for collection, was the trustee of an express trust (*Elam* v. *Arzaga,* 122 Cal. App. 742, 747 [10 Pac. (2d) 805]), and as such she had the right to maintain the action on the assigned claim. (Code Civ. Proc., sec. 369.) Mrs. O'Connor had the right to prove that she, as assignor, was the real party in interest. (*Firth* v. *Richter,* 49 Cal. App. 545, 548 [196 Pac. 277]; 1 Cal. Jur. 854, Agency, sec. 131.) Furthermore, it will be noted that the facts present no question as to the rights of these plaintiffs which arose before they had notice of the nature of the assignment by this defendant to Miss Luscombe. We think it is clear, therefore, that the contentions of the plaintiffs that they are not interested in the claim of this defendant may not be sustained. They are interested in the amount which is still owing to her on the judgment rendered in favor of L. S. Luscombe, her assignee.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.