[Civ. No. 13178.   First Dist., Div. One.   Nov. 21, 1946.]

RAUER'S LAW & COLLECTION COMPANY (a Corporation), Respondent, v. CLAUDE E. HIGGINS, Appellant.

F. E. Hoffmann and Murray Draper for Appellant.

Jerome L. Schiller for Respondent.

WARD, J.—Defendant appeals from a judgment rendered against him for $651.25 and interest, and presents the appeal upon a clerk's transcript and a settled statement of oral proceedings. The action was brought by plaintiff as assignee to recover attorney's fees for services rendered to defendant by plaintiff's assignor. The complaint was filed June 21, 1940,

and the action was not brought to trial until September 24, 1945, at which time defendant moved to dismiss the action under the authority of section 583 of the Code of Civil Procedure, which provides that ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.'' No written stipulation had been made extending the five-year period, but plaintiff resisted the motion on the ground that its assignor, the real party in interest, had been in military service for some three years of the five-year period, which time it claimed should be deducted from the five-year period. The court denied the motion, and the cause proceeded to trial, plaintiff recovering judgment as prayed. Defendant does not on this appeal attack the judgment on its merits, the sole point urged for reversal being that the trial court erred in denying his motion to dismiss under the provisions of section 583, *supra*.

The record shows the following: The complaint, as stated, was filed June 21, 1940. An answer was filed by defendant's then attorney on July 27, 1940. On August 9, 1940, plaintiff filed a memorandum of motion to set the cause for trial, and, in compliance with a demand made by defendant for an itemized statement of the account sued upon, filed a bill of particulars setting forth the details of the account. On May 18, 1942, plaintiff filed a notice requesting defendant to appoint an attorney in the place of his former one, who had died, and that same day the notice of the appointment of defendant's present attorney was filed. Also on that day plaintiff's assignor enlisted in the armed forces. On June 1, 1942, another memorandum of motion to set the cause for trial was filed. On May 14, 1945, nearly three years later, another memorandum to set the cause for trial was filed. In the meantime, at the end of March, 1945, plaintiff's assignor was released from the army. The cause came on for trial on September 24, 1945, five years and ninety-five days after the complaint was filed.

At oral argument before this court it was suggested that an inference was possible that an assignment to a collection agency is an assignment for collection only and not an absolute assignment. Counsel for appellant agreed that pos-

sibly such an assumption was well based and accepted the word of counsel for respondent that it was an assignment for collection. The nature of an assignment for collection is treated by the Supreme Court in *Harrison* v. *Adams*, 20 Cal. 2d 646, 650 [128 P.2d 9], as follows: "An assignment for collection vests legal title in the assignee which is sufficient to enable him to maintain an action in his own name, but the assignor retains the equitable interest in the thing assigned. (*National Reserve Co.* v. *Metropolitan Trust Co.*, 17 Cal.2d 827 [112 P.2d 598]; *Morrison* v. *Veach*, 190 Cal. 507 [213 P. 945]; *Bechtel* v. *Baglieto*, 13 Cal.App.2d 495 [57 P.2d 192]; *Elam* v. *Arzaga*, 122 Cal.App. 742 [10 P.2d 805]; *Koepple* v. *Morrison*, 84 Cal.App. 137 [257 P. 590].) Such an assignee has been referred to as the trustee or agent of the assignor (*Weiner* v. *Luscombe*, 19 Cal.App.2d 668 [66 P.2d 151]; *Elam* v. *Arzaga, supra; Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490 [33 P. 550]), and a fiduciary relationship exists between them. (*Elam* v. *Arzaga, supra*.)"

Plaintiff's assignor is the owner of an equitable interest in the present cause. The purpose of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. §§ 501-590) is to protect equitable as well as legal interests. The Supreme Court of Arizona in *Twitchell* v. *Home Owners' Loan Corp.*, 59 Ariz. 22 [122 P.2d 210, 212], describes the act in the following terms: "It was meant to protect the interests of those who were called to the defense of their country and who, for that reason, were unable to keep up the payments upon obligations which they had incurred previous to their being called into service. The Act has always been upheld as a proper exercise of the war powers of the federal government. We think it would violate its spirit if it were held to protect only legal, and not equitable, interests."

Respondent cites section 525 as well as section 521 of the Soldiers' and Sailors' Civil Relief Act in support of its contention that the motion to dismiss was properly denied. Section 525, unlike section 521, extends to "assigns" of the service man: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding . . . by or against any person in military service or by or against his heirs, executors, administrators, or assigns. . . ." This section of the act applies only to "actions

not then commenced," i. e., at the time of the passage of the act in 1940. (*Breakstone* v. *Giannini,* 70 Cal.App.2d 224, 228 [160 P.2d 887].) Since the present action was filed in June, 1940, section 525 cannot operate in respondent's favor.

Section 521, the pertinent portions of which are quoted herein, cannot alone support respondent's position. That section, by its terms, is limited to applications made during the time of a party's military service and within sixty days thereafter. Here the plaintiff's assignor did not seek relief until some 95 days after his military service had terminated. But section 521 is important in determining that had plaintiff's assignor sought relief during the three years of his military service such relief would have been granted because the trial court has inferentially found that the military service of the real party in interest materially affected his ability to prosecute the case. As stated hereinafter, had the defendant sought to bring this cause to trial during those three years, the trial court, on such a finding, would have been compelled to grant a continuance. Thus the finding that plaintiff's assignor's military service interfered with his ability to prosecute the case is in effect a determination that it would have been "impracticable" or "futile" to bring it to trial during those three years. This case falls directly within the exception to section 583 noted in cases cited hereafter. This point was necessarily involved in *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665], hereafter discussed.

Further consideration of the provisions of the Soldiers' and Sailors' Civil Relief Act is necessary only to determine the applicability of state statutes. The purpose of the federal act was to alleviate the acute and critical condition that arose from the sudden call to arms of the men and women who volunteered or were liable to selection or draft for military service in the recent war. To that extent, though the federal act technically may not be controlling its purpose may be considered in construing state statutes providing for the dismissal of actions based upon delay in prosecution. The present motion is primarily predicated on California Code of Civil Procedure, section 583.

Many decisions have recognized exceptions to the five-year rule other than the ones specified in the section. (*Kruly* v. *Superior Court,* 122 Cal.App. 458 [10 P.2d 178]; *Estate of Morrison,* 125 Cal.App. 504 [14 P.2d 102]; *Carmichael* v. *Su-*

*perior Court,* 55 Cal.App.2d 406 [130 P.2d 725]; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405]; *Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894]; *Allyne* v. *Superior Court,* 200 Cal. 661 [254 P. 564]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361]; *Pacific Greyhound Lines* v. *Superior Court, supra.*) The present case may be determined upon the authority of the case last cited.

The proceeding in the Pacific Greyhound case was in mandamus to compel the trial court to dismiss an action under section 583, Code of Civil Procedure, for failure of the plaintiffs to bring their personal injury action to trial within the five-year period. One of the defendants had gone into the military service fifteen months after the action was filed, and he was still in the service when the motion to dismiss was made. The action therein was filed on January 29, 1940, and the motion to dismiss was made on February 21, 1945, five years and twenty-three days after the action was filed. In resisting the motion, the plaintiffs' affidavit alleged that it "was impossible, impractical and a futile gesture" to proceed with the trial in the absence of the defendant who was in the service, and that his presence was necessary "to properly prosecute this action." The trial court denied the motion to dismiss. The Supreme Court refused to issue the writ of mandamus to compel the dismissal, saying (pp. 66-67): "In support of their allegation that it was 'impossible, impractical and a futile gesture' to bring the case to trial while defendant . . . was serving in the armed forces plaintiffs rely upon section 521 of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. App.), to the effect that 'At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and *shall, on application to it by such person or some person on his behalf, be stayed* as provided in this Act, *unless, in the opinion of the court,* the ability of plaintiff to prosecute the action or the defendant to conduct his defense is *not materially affected* by reason of his military service. (Italics added.)' . . .

"The Soldiers' and Sailors' Civil Relief Act, *supra,* leaves discretion in the trial court in resolving the issue as to whether 'the ability of plaintiff to prosecute the action or the defen-

dant to conduct his defense is . . . materially affected by reason of his military service' but it, in effect, places the burden of proof upon the party resisting a postponement. . . . *The real issue before it was the question as to whether it was 'impractical and futile' to proceed with the case during the military service of the defendant.''* (Last italics added.)

The court further ruled (p. 65): ''The sole question necessary for us to determine is whether petitioners have established that the evidence before the trial court on the motion to dismiss was as a matter of law insufficient to sustain its implied finding that for more than twenty-three days of the calendar five-year period it was 'impossible' or 'impracticable and futile' either in an objective sense or 'due to excessive and unreasonable difficulty or expense' to proceed to trial.''

The applicability of this case cannot be avoided by the fact that here the plaintiff's assignor was mustered out of the Army at the end of March, 1945, six months before the case was tried, whereas in the Pacific Greyhound case one of the defendants was still in the service when the motion to dismiss was made. According to the rule laid down by the Pacific Greyhound case, if the evidence is sufficient to establish that for more than 95 days of the calendar five-year period it was ''impossible,'' or ''impractical and futile'' to proceed to trial, the trial court's denial of the motion to dismiss must be upheld, for the reason that those 95 days are deducted from the five-year period. By its denial of the motion to dismiss the trial court here found inferentially as a matter of fact that the absence of the plaintiff's assignor on account of his military service materially affected the prosecution of the action and that it was impractical and futile to proceed with the case in his absence. This implied finding is amply sustained by the testimony of plaintiff's assignor to the effect that he was the only one familiar with the services rendered to the defendant; that he was in the military service from May 18, 1942, until the end of March, 1945, and that his duties were such that he was unable to attend the trial of the action until his discharge from the service.

Under the rule of the Pacific Greyhound case, the fact that a stay had not been applied for, or that one was not actually granted, on the court's own motion, does not change the rule. By the trial court's denial of the motion to dismiss, it appears that the trial court concluded that the military service of the plaintiff's assignor materially affected the prose-

cution of the action; hence a stay would have been granted had it been applied for. The discretion of the court lies not in granting or refusing the stay, but only in determining whether the service man's or any litigant's rights will be materially affected by a denial of the stay. (*Boone* v. *Lightner*, 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587].)

In his reply brief, appellant suggests that the testimony of plaintiff's assignor could have gone in by deposition. A similar contention was made in *Davis* v. *Wyche*, 224 N.C. 746 [32 S.E.2d 358]. In considering the effect of section 521 on the service man's right to a stay, the court (p. 360 [32 S.E. 2d]) quoted as follows from *Bowsman* v. *Peterson*, 45 F.Supp. 741: " 'Within due limitations, he (defendant) ought to be allowed to testify personally before the jury rather than through the notoriously indifferent medium of deposition. . . . He should, if reasonably possible, have the opportunity to be personally before the court and the jury during the entire progress of his trial, manifesting his interest in its event and allowing those charged with the burden of decision to observe him, either for his advantage or to his possible detriment.' "

In the majority opinion of *Johnson* v. *Johnson*, 59 Cal.App. 2d 375, 383 [139 P.2d 33], it is stated (petition for hearing by the Supreme Court denied) that "Doubtful cases should be resolved in favor of the service man." In the present case the appearance or nonappearance of Lieutenant Colonel Flynn, the assignor, as a witness, might or might not prejudice the determination of the material issues presented in the pleadings. This was a question of fact to be decided by the trial court. (*Royster* v. *Lederle*, 128 F.2d 197.) The present record, as presented, does not show an abuse of discretion.

It should be noted that this conclusion is in accord with the legislative policy as enunciated in section 583.5 of the Code of Civil Procedure adopted in 1945, but effective too late to be here applicable.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 16, 1947. Edmonds, J., voted for a hearing.